WETHEROW v. LORD et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1899.)

1. Gifts—Deposit in Savings Bank—Delivery—Sufficiency.
    Delivery, by a depositor, of a savings bank book, together with an order for a sum less than the deposit, with intent to make a gift, is sufficient to vest the donee with title to the amount of the order.

2. Husband and Wife—Joint Deposit—Ownership—Presumption.
    Money deposited in a savings bank in the joint names of husband and wife, the former having possession of the bank's book, will be presumed to

belong to each equally, when it does not appear by whom the deposit was made.

3. GIFTS—JOINT DEPOSIT IN SAVINGS BANK.
   Though money deposited in a savings bank in the joint names of husband and wife, and owned by each equally, is payable on either's draft, one of them cannot make a valid gift of more than his interest.

4. SAME.
   Where owner of equal interest with another in a joint deposit in a savings bank can make a valid gift of his share only, an attempted gift, otherwise valid, of more than his share, will operate as a valid gift of his share.

Appeal from trial term, Kings county.

Action by Henry E. Wetherow against John B. Lord, as committee of Mary Dwyer, an incompetent person, impleaded with the Brooklyn Savings Bank. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant Lord appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

T. Ellett Hodgskin, for appellant.
Frederick E. Crane, for respondent.

HATCH, J. The question presented in this case is more or less familiar, relating to what is essential in order to constitute a valid gift, either inter vivos or causa mortis. The essential requisites are that there must exist an intent to give, the property must be actually delivered, and the donor must surrender the possession and dominion thereof to the donee. Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627. It therefore remains to be determined in this case whether these essentials have been complied with. It appeared upon the trial that the donor, Jeremiah Dwyer, was in the possession of a bank book issued by the defendant the Brooklyn Savings Bank to him, containing an account in the joint names of Jeremiah Dwyer and Mary Dwyer, which was payable upon their draft, or the draft of either of them. Mrs. Dwyer was insane. Mr. Dwyer was living with the plaintiff, was ill, evidently approaching dissolution, and expressed a desire to give to the plaintiff, who was an old friend, and had cared for him, the amount on deposit represented by the book. The evidence was abundantly sufficient to support a gift of the amount represented by the book, accompanied by a delivery of the book itself; and there would be little difficulty in the case had the transaction there terminated, so far as this branch of the case is concerned. It appears from the testimony that the amount of money represented by the book was not exactly known, and it was suggested by the notary public, who was present at the time, that a check or order be drawn for the sum of $1,500 upon the account. This was done, Dwyer signing the same. The notary public attached thereto a formal acknowledgment of Dwyer as to its execution, and the bank book and this instrument were thereupon delivered to the plaintiff by Dwyer. In fact, the $1,500 was for a less amount than was on deposit in the bank. We come, therefore, to the question as to whether the gift of a specific sum, and the delivery of the bank book and the

order, are sufficient to vest the donee with title to such amount, although it be only a part of the sum which the donor had on deposit in the bank. The court submitted to the jury the question as to whether it was the intention of Dwyer, based upon these facts, to deliver to the plaintiff the property which was the subject of the gift, with right and authority to exercise dominion and control over the same to the exclusion of any right possessed by the donor therein; and the jury, under such submission, found a verdict in favor of the plaintiff. Consequently it follows that their finding concludes all questions as to the sufficiency of the gift, except the one heretofore suggested, which is purely one of law. As already observed, if the sum mentioned in the order or check had been the whole, the gift would have been clearly good. The contract which is created between a depositor and a savings bank is quite different from a contract between a depositor and a bank of deposit. In the former case the book evidences the contract, and the bank is not compelled to pay the depositor except upon presentation of the book. The book represents the depositor's right to the money, and the bank is protected in payment upon presentation of the book, being without bad faith and guilty of no negligence, although in fact the book has been fraudulently obtained from the depositor. It represents the depositor's security for the money, and the money is not permitted to be drawn except upon presentation of the book; and any person who obtains good title to the book, whether by purchase or gift, obtains title to the money represented by it, whether any other evidence of right to draw money accompany it or not. Ridden v. Thrall, supra; Pierce v. Bank, 129 Mass. 425. No such conditions obtain with an ordinary depositor in a bank of deposit, as the depositor is given a pass book merely representing the amount of his deposit; and possession of such book by another person is no evidence whatever of title to such money in that person. It is not required to be presented to secure payment of checks, and is simply a statement of account with the bank. Consequently the rules having regard to the status of holders of such checks drawn upon the fund on deposit cannot be held to apply in strictness to orders or checks made and delivered by the holder of a bank book of a savings bank. In the former case title to the money does not pass until presentation and payment; in the latter case the delivery of both, with intent to pass title to the money which they represent, has such effect. It is therefore evident that the unqualified delivery of a book of deposit in a savings bank, with intent on the part of the person making the delivery to give an amount of money to the donee, is sufficient to vest in the donee absolute title to the money represented by the book; and he may recover such amount from the bank upon giving evidence of such facts. In the present case all of these steps were taken. The intent to give was present, the amount of the gift was specified in the check, and both book and check were delivered to the plaintiff by the donor. Not the slightest doubt remains that the plaintiff could then have gone to the bank, demanded the money, and compelled its delivery to him, even

though such delivery was opposed by the donor; and this for the reason that every element of an executed gift by Dwyer to the plaintiff was present, which had the effect of devesting the former of title to the money within all the authorities. Harris v. Clark, 3 N. Y. 93; Champney v. Blanchard, 39 N. Y. 111; Kimball v. Leland, 110 Mass. 325; Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940. The fact that the sum was less than the amount of money represented by the book does not appear to us to be of consequence. The gift was of money. The amount was specified; it was absolute and certain. The evidence of the gift was the delivery of the bank book and the order. This was essential in order to place the plaintiff in the same position that the donor would have been in had he gone to draw the money in person; and there was nothing more that could have been done to effect the delivery of the thing itself except the donor in person drew the money, and handed it to the donee. This was not essential, as all that was required was the delivery of the means by which the donee might possess himself of the property, and nothing remained undone to accomplish that end. It is a familiar rule that there may be an assignment of a part of an entire sum, and vest good title to such part (Cleaner Co. v. Smith, 110 N. Y. 83, 17 N. E. 671), and, where the intent so to do exists, the court will give it effect (Risley v. Bank, 83 N. Y. 318). In principle, a gift of a part of a sum of money is not different.

The appellant claims, however, that the authorities overthrow this contention, some of which only is it necessary that we review, as they are all in harmony with the view above expressed. In Curry v. Powers, 70 N. Y. 212, there was no delivery of the bank book or the checks with intent to deliver the control of either to the donee named therein. On the contrary, the donor in that case retained control of the bank books, and never parted with dominion over the fund represented thereby. He could at any time have canceled and destroyed the checks, demanded and obtained possession of the books, or made any other disposition of the moneys which he saw fit to make. The observations made by the court in that case must be read having regard to the intent of the donor, which, as was clearly expressed, was not to part with the absolute possession of the books for the purpose of enabling the donees to obtain the money therein represented; consequently no title whatever to the moneys passed. In the present case the donor devested himself of all dominion and control over the fund to the extent of the $1,500, and intended so to do. In Re Smither, 30 Hun, 632, the money was placed in a bank of deposit, and was represented by a certificate of deposit. It was held that the check which was given for the amount of the certificate was ineffectual to transfer title to the money, and, not having been presented or paid during the lifetime of the deceased, did not vest the payee therein with title. But it was evident in that case that, had the transfer been of the certificate of deposit, with intent to make a gift of the money represented thereby, it would have been effectual for that purpose. Id. 634. What was said by the court in Tilford v. Bank, 31 App.

Div. 565, 52 N. Y. Supp. 142, does not aid the appellant. It was a mere tentative suggestion, and did not assume to lay down the proposition that, if the gift was not of the whole sum, it could not be sustained. The court made the suggestion in view of some of the language used in Curry v. Powers, supra. If it were otherwise, the mere fact that the gift was to more than one person, or for the benefit of a third, would not necessarily invalidate it. Loucks v. Johnson, 70 Hun, 565, 24 N. Y. Supp. 267.

A more serious question presents itself in this case than the one heretofore considered. It is not disclosed by the record to whom the money belonged when it was placed in the bank, or who placed it there. All that appears upon this subject is that the fund was in the bank, and Dwyer was in possession of the book. If the money was the money of Dwyer, then the act of depositing it in the joint name of himself and his wife would indicate an intent to vest in her title to the money should she survive him. Whitlock v. Bank, 36 Hun, 460; Platt v. Grubb, 41 Hun, 447; Wortman v. Robinson, 44 Hun, 357. While this is the rule, yet the husband, under such circumstances, remains the owner of the fund, with right of disposition, to the exclusion of the wife. In re Albrecht, 136 N. Y. 91, 32 N. E. 632. Such right, however, would not exist if in fact the right of each in the fund was several, and not joint. Mulcahey v. Bank, 89 N. Y. 435; Gelster v. Bank, 17 N. Y. Wkly. Dig. 137. As it does not appear who placed the money in the bank, either by proof or inference therefrom, we think the presumption must obtain that each had an equal interest; and while, undoubtedly, it is true that, had either drawn, and made valid disposition of, the whole sum, no complaint could be made, yet, as against the wife, we do not think that the donor could make a gift of more than his interest in the fund, as it may not be presumed that the parties, by any arrangement which they made, could reasonably contemplate that the property rights of either would be destroyed by a gift to a third person of the money. There is no legal obstacle of which we are aware, however, which would prevent one owner from making a valid gift of his share. Under the circumstances of this case, it not appearing that the donor was the owner of the money, or legally in a position to make a valid gift of the whole, we think he had the clear right to give his share, and we see no reason why it may not operate as a gift of the sum which he had the legal right to give. This would leave the check to operate as a valid gift of one-half of the sum of money on deposit in the bank.

This view leads to a modification of the judgment by requiring the plaintiff to stipulate to reduce the sum to one-half of the amount on deposit. In case of failure to so stipulate, the judgment should be reversed, and a new trial granted. All concur.