In the matter of the judicial settlement of the account of Rebecca A. R. Barefield, administratrix of Mary E. Roselle. Motion to confirm the report of a referee. Denied,

E. W. Van Vranken (J. Stewart Ross, of counsel), for administratrix.

A. D. Pape, for contestant Egbert E. Roselle.

Richard T. Greene, for contestant David H. Roselle.

CHURCH, S. The report of the referee is necessarily entitled to great weight with the court, as, by reason of his having a personal inspection of the witnesses, and hearing the testimony direct from their lips, he is enabled to judge the character of a witness better than a person can from a mere stenographic report of the same; but a careful examination of the evidence in this case, and also of the questions of law involved therein, has convinced me that to sustain the report made by the referee would be doing a great injustice to this administratrix. The questions involved in this accounting are comparatively simple. It is contended that the administratrix should have charged herself with the amounts standing in various savings banks, as such accounts were a part of the estate of the decedent. It appears that the decedent had been living with the administratrix, Mrs. Barefield, her only daughter, for many years; that the relations between the two were of the most affectionate and harmonious character. The administratrix, Mrs. Barefield, was in receipt of some income and moneys, which, of course,

was her own property. The decedent was also in receipt of moneys arising from the rent of certain real estate. Some of these rents would be collected by Mrs. Barefield and paid to the decedent, and some of them were collected directly by the decedent herself. The decedent would use as much of this money as she desired for her personal expenses, and then would give the balance to Mrs. Barefield to use as her own moneys. It appears that the various bank accounts were opened while these relations continued, and it is in connection with such accounts that the questions have arisen upon this accounting. The questions arising in relation to these various accounts may be summarized as follows: First, an account in the Bank for Savings in the name of Mary E. Roselle; second, an account in the Kings County Savings Institution in the name of Mary E. Roselle and R. A. R. Alston; and third, accounts in three separate banks in the name of Rebecca A. R. Barefield in trust for Mary E. Roselle.

As to the first account: This savings bank book had, for a considerable period previous to the decedent's death, been in the possession of Mrs. Barefield, the administratrix. It also appears that the decedent had executed a paper as follows: "The Bank for Savings: Please pay to my daughter the amount or interest due me on book No. 476,029. Mary E. Roselle." This order had been delivered by the decedent to Mrs. Barefield a long time previous to the death of the decedent. It seems to me that, under the circumstances attending this account and the delivery of this order, the administratrix has clearly established her title to same, and that therefore she should not have been charged with this item. The contestants urge that, as the money was collected from the bank by the administratrix under the letters of administration, she should be charged with it. The answer to this is that, if this money was the property of the administratrix, it is immaterial how she drew it from the bank. Besides, I can well understand that, being the administratrix, it might be simpler for her to draw it from the bank in that capacity than to make the proof about the gift.

As to the money which appeared in the Bank for Savings in the joint name of Mrs. Roselle and R. A. R. Alston, which was Mrs. Barefield's name previous to her marriage: The rule undoubtedly is that, if there was no proof as to who made the deposit, the inference would be that each of the parties to the joint account had an equal interest therein. Wetherow v. Lord, 41 App. Div. 413, 58 N. Y. Supp. 778. But the rule is also well established that, if one person deposits his own money in savings banks in the joint name of himself and some other party, this indicates an intent to vest the title to the money in the survivor, and that the depositor remains the owner of the fund. Wetherow v. Lord, supra. It appears from the uncontradicted testimony of Mrs. Barefield that the money placed in this joint account belonged to Mrs. Barefield. Therefore she was the owner of the same, and, being the survivor, was unquestionably entitled to draw the same from the bank, and consequently should not have been charged with this item.

The remaining question is as to the accounts in the savings banks

opened in the name of the administratrix in trust for the decedent. As to such moneys the rule of law is that where a deposit is made in this manner, and there are no circumstances or facts explaining the same, it is the presumption that the depositor has vested the title to such moneys in the beneficiary; but it is also equally well established that if all the surrounding facts and circumstances show that the depositor did not intend to give the beneficiary this fund, and that it was the money of the depositor, deposited for his own convenience, then the depositor continues to be the legal owner of such moneys. The uncontradicted evidence in this case shows that this money was the money of the administratrix; that she opened the accounts and treated them as her own property, and retained the bank books in her custody; and, with the exception of the manner of opening the accounts, the case is barren of any proof showing any intent to vest any title in the decedent. This method of opening an account is one that is frequently followed by persons for various reasons of their own, and the courts are perfectly familiar with the fact that it is done repeatedly without any intention of the depositor devesting himself of ownership in the money. Beaver v. Beaver, 117 N. Y. 430, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531. It seems to me, therefore, that it is impossible to distinguish this branch of this case from that of Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641. The cases in which it has been held that a deposit of this character vests legal title to the money in the beneficiary have always been where the extraneous evidence has shown an absolute intention on the part of the depositor to give the money to the beneficiary. In the absence of any such testimony, and with the presence of the positive testimony of the administratrix that this was her money, and that there was no intention to give this money to the beneficiary, the legal title unquestionably remains in Mrs. Barefield. In other words, the controlling principle of all these cases is the intent of the depositor. The counsel for the contestants contends most strenuously, however, that the administratrix is unworthy of belief, because of certain statements in her testimony, and that therefore the court should reject all of her testimony pertaining to her ownership of these moneys which went into any of the above accounts. I have examined with a great deal of care and interest the very exhaustive brief prepared by the counsel for the contestants, and also the specific items of evidence to which he draws attention as establishing the perjury of the administratrix; but, in my judgment, it does not warrant the conclusion which he draws therefrom. It appears that the administratrix was asked specifically if there were any other books which contained the name of the decedent, and that she stated there were none, when in fact there were then books which had been in the custody of the administratrix in which decedent's name appeared; and counsel contends these answers were false, and that this fact establishes the perjury of the administratrix. The evidence shows, however, that in response to these questions the witness admitted and stated that she had her own accounts. This was her interpretation of the character of the accounts which she possessed, and it was evidently her idea that she was being asked as to

whether there were any books in which Mrs. Roselle had an account. Nor can the inference be drawn from this that the administratrix was seeking to conceal the character of these deposits from the contestants, as it appeared that the contestants were fully informed in regard to these accounts, and that the administratrix knew they had such information. The character of the relations between the administratrix and her mother, which have been referred to, has not been contradicted in any way, and these relations make it extremely probable that the accounts should have been opened by the administratrix in the way which she has described. There is a further fact which bears upon all of these accounts, and that is the testimony of the two disinterested witnesses, viz., that the decedent had stated to them that she had no property, but had given everything to her daughter Rebecca; and that is particularly impressive in view of the fact that she told this to her family physician, when her family physician had apprised her of the fact that she was about to die, and that she therefore ought to make some disposition of her affairs. A solemn declaration of this kind, made in view of approaching death, should be given the greatest consideration by the court; and, where there is any question as to the inference to be drawn from other evidence, the inference which would sustain this view of the decedent should certainly be adopted. This testimony, therefore, sustains the inference that the order executed by the decedent of the savings-bank account that stood in her individual name was properly executed and delivered; and it also sustains the inference that the joint account between her and the administratrix was the property of the administratrix, and not hers, and, furthermore, that she had no legal interest in the accounts which the administratrix had opened in trust in her name.

The excellently drawn briefs of counsel on both sides of this case, in which they have so carefully gone over both the facts and the law, have been of great assistance to me in my examination of the case.

The motion to confirm the report of the referee is denied, and an order should be entered confirming the account of the administratrix as originally filed. Let such decree be submitted for settlement. Decreed accordingly.