In the Matter of the Judicial Settlement of the Account of
REBECCA A. R. BAREFIELD, as Administratrix, etc., of MARY E.
ROSELL, Deceased, Respondent.

DAVID H. ROSELL, Appellant.

*Savings bank deposit "in trust" — when unqualified and unexplained the trust is
irrevocable — proof to the contrary is competent.*

A deposit by Rebecca A. R. Barefield, of money belonging to her, in a savings
   bank, the account being opened in the name of Rebecca A. Barefield, in trust
   for Mary E. Rosell, creates, if unqualified and unexplained, an irrevocable
   trust in favor of Mary E. Rosell.
The depositor is at liberty, however, to establish by competent evidence that she
   did not intend to create a trust or part with the title to the fund.

APPEAL by David H. Rosell from a decree of the Surrogate's
Court of Kings county, entered in said Surrogate's Court on the
27th day of January, 1902, overruling the report of the referee
appointed in the proceeding and judicially settling the accounts of
Rebecca A. R. Barefield, as administratrix of Mary E. Rosell,
deceased.

*Richard T. Greene*, for the appellant.

*J. Stewart Ross* and *E. W. Van Vranken*, for the respondent.

HIRSCHBERG, J.:

On voluntary accounting by Rebecca A. R. Barefield, as the
administratrix of the goods, chattels and credits of her mother,
Mary E. Rosell, deceased, she charged herself only with dividends
on certain stock, amounting in all to less than $200. The appel-
lant, as next of kin, having filed objections to the account, alleging
that the administratrix had not accounted for the entire personal
estate, the matter was duly referred for hearing and determination.
The referee reported that the administratrix was further chargeable
with the sum of $10,271.27 and interest, the principal sum consist-
ing of five deposits in savings banks, three being in the name of
Rebecca A. R. Barefield (the administratrix) in trust for Mary E.
Rosell (the deceased), one in the name of the deceased alone and

one in the joint names of the administratrix, under her maiden name, and the deceased, the account being payable to either. The referee charged the administratrix with the entire amount of the first four accounts and with one-half the amount of the last. On motion to confirm the report the learned surrogate overruled and set it aside, and decreed a settlement of the estate on the basis of the account as originally filed by the administratrix. We are of opinion, however, that the referee was right in his conclusions and that the administratrix should be charged as he reported.

There can be little if any doubt about the three deposits which were made in the name of Mrs. Barefield in trust for her mother. Assuming that the money was the property of Mrs. Barefield at the time the accounts were opened and that she retained the custody of the bank books, the facts are entirely consistent with the declaration of a trust. Indeed, it is essential to the creation of a trust that the trust fund should belong at the time of its creation to the individual by whom the trust is declared, and as trustee such individual is the proper and logical custodian of the document which evidences the trust. On the assumption, therefore, that the money deposited in the three accounts in question actually belonged to the administratrix (of which fact considerable doubt may well exist upon the evidence), the case presented is the common one of an account opened with his own funds in the name of the depositor in trust for another. That a deposit in that form, unqualified and unexplained, creates a trust at the time of the deposit which is irrevocable in the absence of the reservation of a power of revocation has been decided very often. It has been decided in this department recently three times — in *Robertson* v. *McCarty* (54 App. Div. 103); in *Meislahn* v. *Meislahn* (56 id. 566), and in *Robinson* v. *Appleby* (69 id. 509; affd., 173 N. Y. 626). The learned surrogate states in his opinion that "the cases in which it has been held that a deposit of this character vests legal title to the money in the beneficiary have always been where the extraneous evidence has shown an absolute intention on the part of the depositor to give the money to the beneficiary." No case is cited in support of the proposition; none appears on the brief of the learned counsel for the respondent; none has been discovered in our research; and the question not being one of gift, but of the declaration of a trust, the

.decisions of this court already alluded to must be deemed controlling authority to the effect that extraneous evidence is not absolutely essential to the validity of a trust estate which is created in unambiguous writing and in the usual and settled form, by an owner who is free in law to dispose of his property at will.

It must be conceded, however, that the alleged trustee is always at liberty to establish, by competent evidence, that there was no intention to create a trust or to part with the title to the fund. This was held in the case of *Cunningham* v. *Davenport* (147 N. Y. 43), where the depositor was permitted to testify that his intention in opening an account in his own name in trust for another was not to create a trust or to part with the legal title to the fund. But no such evidence appears in the case at bar. Whether the administratrix would be competent to testify as to her intentions upon this accounting need not be decided. It is sufficient that she has given no testimony herself upon that subject, and that she has not offered any evidence tending to explain the deposits in any way other than appears upon the face of the accounts and of the deposit books. The transactions unqualified and unexplained in law create valid trusts of which the deceased is the expressed and undoubted beneficiary.

As to the remaining accounts we are also of opinion that the administratrix has not established her individual title with that fullness of proof and freedom from suspicion which should be required where a representative of an estate claims substantially the entire fund as against the rights of her decedent. She denied repeatedly upon the witness stand that there were any savings bank accounts bearing her mother's name, and it was only by persistence in inquiry that the disclosure of the facts in relation to them was finally extorted from her. An undated order signed by the deceased, directing one of the banks to pay to Mrs. Barefield the " amount or interest due me," was produced by her as an assignment of the entire account or deposit. The referee, having exceptional opportunities to determine the good faith of the claim, has rejected it as unfounded, and, giving due weight to every consideration and all the evidence presented in support of it, we think the result reached by him was just and right.

The decree should be reversed and the account settled in accordance with the referee's report.

Goodrich, P. J., Bartlett, Woodward and Jenks, JJ., concurred.

Decree of Surrogate's Court of Kings county reversed, with costs, and the referee's report confirmed, and proceeding remitted to the surrogate for the settlement of the account in accordance with the opinion of Hirschberg, J.