> Decedent, before her death, deposited money in her own name in a savings bank in trust "for L.," and stated to a relative that the money was on deposit in L.'s name, but "the children will eventually get it." L. died before the decedent, and, after her death, decedent made further deposits to the credit of the account. *Held*, that the deposit belonged to the estate of L., and not to that of the decedent.

In the matter of the settlement of the accounts of John M. Bulwinkel and John T. Davidson, executors of Mary Ann Dugard. Decree of distribution entered.

Edgar Whitlock, for executors.
George S. Ingraham, for M. E. Hospital.
John T. Bladen, special guardian for Lillie M. Lahey and another.
L. L. Fawcett, for George F. Lahey, administrator, etc.

CHURCH, S. This is one of the class of cases arising from the deposit of moneys in a savings bank in trust for some person other than the depositor. In this case the deceased opened an account in a savings bank in the name of "Mary Ann Dugard, in Trust for Lillie M. Lahey." Said Lillie M. Lahey predeceased the testatrix, and the fund is claimed by her legal representative, and also by the residuary legatee. Where a deposit of money with savings institutions is made in this

general form, the legal effect of so doing was correctly stated by me in the Matter of Barefield, 36 Misc. Rep. 745, 74 N. Y. Supp. 472:

"The rule of law is that where a deposit is made in this manner, and there are no circumstances or facts explaining the same, it is the presumption that the depositor has vested the title to such moneys in the beneficiary."

I appreciate that the Appellate Division has reversed that case (Matter of Barefield, 82 App. Div. 463, 81 N. Y. Supp. 843), and for some reason, or no reason—it is immaterial which—deliberately ignored the above language, misapplied other portions of the opinion, and stated that a rule of law had been laid down by me for which there was no precedent; but as the Appellate Division, after doing this, stated the law to be exactly as stated above, it may be assumed to correctly express the rule.

In the present case, counsel for the residuary legatee endeavors to show by circumstantial evidence that the intent of the deceased was not to create an irrevocable trust in favor of the beneficiary named in the account; but it is unnecessary to consider whether this evidence is sufficient to establish such intent, as it appears that the deceased had stated to one of her relatives that "the children had quite a snug little sum in the bank. It is in Lillie's name in trust, but the children will eventually get it." This statement is consistent with the theory that the deceased intended that this account should be the property of the beneficiary.

Another question arises, however, which, so far as I have been able to ascertain, is without any precedent. After the death of the beneficiary named in said account, it appears that the testatrix herein deposited a further sum in said account, amounting to $525. As to this money, the residuary legatee contends that, the beneficiary having died, from that time the account is not, as to further transactions, to be regarded as a trust account, but the same as if it was an account in the name of a fictitious person, and hence that such deposits remained the sole property of the depositary. This does not seem to be the true rule. The account being a trust account, all deposits to its credit must be regarded as a part of the trust funds. The entire amount of this account is therefore not to be regarded as a part of the residuary estate, but should be paid to the administrator of Lillie M. Lahey, deceased. Let findings and decree be prepared accordingly.

Decreed accordingly.