In the Matter of the Appraisal under the Acts in Relation to the Taxable Transfers of Property of the Property of FREDERICK WILKENS, Deceased.

MARY H. WILKENS, Appellant; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Second Department, May 26, 1911.

**Tax — transfer tax — savings bank deposit in name of husband and wife — presumption of equal ownership.**

Where moneys are deposited in the savings bank in the name of a man and his wife, and it does not appear who made the deposit, the presumption is that each had an equal interest.

Hence, in a proceeding to assess a transfer tax, a widow by alleging that savings bank deposits standing in the name of her husband and herself were made from earnings jointly acquired by them in the prosecution of a business raises a presumption that she has equal ownership in the deposit in the absence of other evidence as to who made the deposit and, if the estate falls below $10,000 by allowing her one-half of the fund, no transfer tax should be assessed.

APPEAL by Mary H. Wilkens from an order of the Surrogate's Court of the county of Rockland, entered in said Surrogate's Court on the 10th day of October, 1910, affirming an order assessing a transfer tax.

*Rudolph F. Rabe*, for the appellant.

*George A. Wyre*, for the respondent.

WOODWARD, J.:

Frederick Wilkens died at Nanuet, Rockland county, on the 21st day of December, 1909, leaving a last will and testament, in and by which he gives and devises all his property to his wife, Mary Henrietta Wilkens, and nominates and appoints her sole executrix thereof. The widow submitted an affidavit in this proceeding for the assessment of the inheritance tax, in which she states that the "following is a statement of all the personal property of which the decedent died possessed, together with the par and market value of each item at the date of the decedent's death and how the value thereof was

ascertained." She then sets forth a schedule of this property, including several deposits in banks, and then adds: "Deponent further says that the deposits in the foregoing savings banks, except the deposit in the Irving Savings Bank, are made to Frederick Wilkens, the decedent, and to Mary Wilkens, his wife, this deponent; that the deposits were made from the earnings jointly acquired by deponent and the said Frederick Wilkens in the prosecution of a retail liquor saloon business in the City of New York, which was sold in the year 1906." The learned surrogate has held that this affidavit does not show ownership of one-half of these deposits in the widow, and this appeal is from the order entered upon such holding, and which involves a tax of $130.98.

While the statement of the executrix that "the deposits were made from the earnings jointly acquired by deponent and the said Frederick Wilkens in the prosecution of a retail liquor saloon business in the City of New York, which was sold in the year 1906," would not be sufficient to show ownership of any part of the fund as between the parties, the case is one which is helped out by presumptions, the evidence not being to the contrary. The rule was laid down in *Wetherow* v. *Lord* (41 App. Div. 413, 418) that where moneys were deposited in a savings bank in the name of a man and his wife, and it did not appear who placed the money there, the presumption arose that each had an equal interest in the sum. In *West* v. *McCullough* (123 App. Div. 846) the rule was approved that where a husband deposited his own money in a savings bank, in the joint names of himself and his wife, the presumption arose that the husband intended to benefit the wife to the extent of conferring upon her the right of survivorship, and this rule is cited with approval, as well as that laid down in *Wetherow* v. *Lord* (*supra*), in the very recent case of *Matter of Kaupper* (141 App. Div. 54, 57). It would seem, therefore, that the mere fact that the deposit was made in the names of the husband and wife, with no evidence as to the source of the fund, and with no evidence as to who may have made the deposit, is sufficient to raise the presumption of equal ownership in the fund. This is sufficient for the purposes of this appeal, as it is conceded that, if the executrix owned one-half the deposits mentioned in her

statement, the estate would fall below $10,000, in which event there would be no tax to be assessed.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the matter should be remitted to the Surrogate's Court for further action.

JENKS, P. J., HIRSCHBERG, BURR and RICH, JJ., concurred.

Order of the Surrogate's Court of Rockland county reversed, with ten dollars costs and disbursements, and matter remitted to said court for further action.