### In re WILKENS' ESTATE.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

TAXATION (§ 893*)—TRANSFER TAX—PROPERTY SUBJECT TO.

    An affidavit by the widow of testator, who left all his property to her and appointed her executrix, which avers that deposits in savings banks in their joint names were made from earnings jointly acquired by them in their business, sold three years before testator's death, aided by the presumption that, where moneys are deposited in a savings bank in the name of husband and wife, each has an equal interest therein, in the absence of a showing who placed the moneys there, shows that the widow owns one-half of the deposits, in determining the amount of the property of testator subject to the transfer tax.

    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 893.*]

Appeal from Surrogate's Court, Rockland County.

Proceedings for assessment of a transfer tax on the property of Frederick Wilkens, deceased. From an order of the Surrogate's Court, affirming an order assessing the transfer tax, the party aggrieved appeals. Reversed and remitted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Rudolph F. Rabe, for appellant.
George A. Wyre, for respondent.

WOODWARD, J. Frederick Wilkens died at Nanuet, Rockland county, on the 21st day of December, 1909, leaving a last will and testament, in and by which he gives and devises all his property to his

wife, Mary Henrietta Wilkens, and nominates and appoints her sole executrix thereof. The widow submitted an affidavit in this proceeding for the assessment of the inheritance tax, in which she states that:

The "following is a statement of all the personal property of which the decedent died possessed, together with the par and market value of each item at the date of the decedent's death, and how the value thereof was ascertained."

She then sets forth a schedule of this property, including several deposits in banks, and then adds:

"Deponent further says that the deposits in the foregoing savings banks, except the deposit in the Irving Savings Bank, are made to Frederick Wilkens, the decedent, and to Mary Wilkens, his wife, this deponent; that the deposits were made from the earnings jointly acquired by deponent and the said Frederick Wilkens in the prosecution of a retail liquor saloon business in the city of New York, which was sold in the year 1906."

The learned surrogate has held that this affidavit does not show ownership of one-half of these deposits in the widow, and this appeal is from the order entered upon such holding, and which involves a tax of $130.98.

While the statement of the executrix that "the deposits were made from the earnings jointly acquired by deponent and the said Frederick Wilkens in the prosecution of a retail liquor business in the city of New York, which was sold in the year 1906," would not be sufficient to show ownership of any part of the fund as between the parties, the case is one which is helped out by presumptions; the evidence not being to the contrary. The rule was laid down in Wetherow v. Lord, 41 App. Div. 413, 418, 58 N. Y. Supp. 778, that where moneys were deposited in a savings bank in the name of a man and his wife, and it did not appear who placed the money there, the presumption arose that each had an equal interest in the sum. In West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, the rule was approved that where a husband deposited his own money in a savings bank, in the joint names of himself and his wife, the presumption arose that the husband intended to benefit the wife to the extent of conferring upon her the right of survivorship, and this rule is cited with approval, as well as that laid down in Wetherow v. Lord, supra, in the very recent case of Matter of Kaupper, 141 App. Div. 54, 57, 125 N. Y. Supp. 878. It would seem, therefore, that the mere fact that the deposit was made in the names of the husband and wife, with no evidence as to the source of the fund, and with no evidence as to who may have made the deposit, is sufficient to raise the presumption of equal ownership in the fund. This is sufficient for the purposes of this appeal, as it is conceded that, if the executrix owned one-half of the deposits mentioned in her statement, the estate would fall below $10,000, in which event there would be no tax to be assessed.

The order appealed from should be reversed, with $10 costs and disbursements, and the matter should be remitted to the Surrogate's Court for further action. All concur.