PATRICK HAYES and MARGARET HAYES, Respondents, *v.* FREDERICK C. CLAESSENS, as Administrator, etc., of CHRISTINA McGOVERN, Deceased, Substituted in the Place of THE MANUFACTURERS' NATIONAL BANK OF TROY, N. Y., Appellant.

Third Department, November 12, 1919.

Banks and banking — gift — order on bank by depositor to change account from depositor's name to joint name of depositor and another — delivery of bank book to such other as evidence of intent to transfer title — action to recover deposit — evidence that deposit was formerly standing to credit of another — burden of proof on plaintiff to establish title — trusts — right of one of two persons suing individually to recover fund as trustee — cestui que trust and trust fund essential to express trust — declaration of holder of money not sufficient to establish trust.

An order on a bank by a depositor to transfer his account from his own name to the joint names of himself and another does not of itself operate as a transfer of title to the money.   And the delivery of the bank book by the depositor to such other person does not evidence an intention to transfer the title to the money.

In order that a presumption of joint tenancy in money deposited in a bank to the credit of the depositor and another person may arise, as provided by section 144 of the Banking Law (now Banking Law, § 249), the deposit must be made " in form to be paid to either or the survivor of them."

A gift of money on deposit in a bank is not established by an order drawn by the depositor directing the bank to transfer the deposit to the joint account of the depositor and another, and a delivery of the paper to the other person who presents it at the bank, and has the account transferred as directed in the order, where there is no evidence of an intention on the part of the depositor to make a gift and no evidence of a delivery of the subject of the gift other than as stated, and especially is this true where, after the death of the depositor, the other person repudiates any possible inference from the acts related that a transfer of legal title in the funds was intended to be made.

In an action against a bank to recover a deposit standing in the names of the plaintiffs a *prima facie* case is established by the introduction in evidence of the bank book showing that the money claimed by the plaintiffs stood to their credit.

In an action to recover moneys deposited in a bank wherein the bank contends and it appears that the fund in question was formerly standing to the credit of another, and the administrator of such former depositor is substituted as a defendant, the burden of proof is upon the plaintiffs to establish that legal title passed to them from the former depositor.

In an action by two persons, individually, to recover a fund on deposit in a bank, recovery cannot be had on the ground that one of the plaintiffs is trustee of the fund.

It is necessary to the validity of an express trust that there be a *cestui que trust* named and that a trust fund be clearly designated.

The declarations of a person in possession of money of a deceased person that she intends to distribute to the relatives of the deceased are not sufficient to establish a trust on the part of said decedent in favor of said relatives, in the absence of any declaration of trust on the part of the decedent.

WOODWARD, J., dissented, with opinion.

APPEAL by the defendant, Frederick C. Claessens, as administrator, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Rensselaer on the 4th day of February, 1919, and also from an order of the Supreme Court made at the Rensselaer Special Term and entered in the office of the clerk of the said county on the 11th day of April, 1919, denying defendant's motion to set aside the judgment and to grant a reargument.

*John T. Norton,* for the appellant.

*James F. Brearton* [*Andrew J. Nellis* and *James Farrell* of counsel], for the respondents.

H. T. KELLOGG, J.:

Christina McGovern, who had long been a domestic servant, died on the 15th day of December, 1917, at the age of more than eighty. She had made deposits of savings through the course of years, without withdrawals, in the defendant bank, so that shortly before her death $8,096.49 stood credited to her account. On or about the 12th day of December, 1917, she placed her mark at the foot of a paper which read as follows: " Manufacturers National Bank of Troy, N. Y. Pay Trans to Joint a/c Margaret Hayes and Christina McGovern or Bearer Seventy-eight hundred one 69/100 Dollars, on account of Money standing to my credit or subject to my control in your Bank, as a Special Deposit on interest per Pass-Book No. 14916. Christina X McGovern." The sum

her
mark

named, together with interest, made up the total sum of $8,096.49 then in her account. She passed this paper with her bank book across the table at which she was sitting, toward

Margaret Hayes, saying, "Now, this paper is signed, and I want you to attend to that business as soon as you can." Margaret Hayes took the paper to the defendant bank, and on the twelfth day of December a transfer of the entire fund was made on the books of the bank to the joint account of Margaret Hayes and Christina McGovern. Three days later Christina McGovern died. There was no other competent proof than the facts recited tending to establish a transfer to Margaret Hayes of a legal title to the fund. No consideration for a transfer was proven; no relationship or indebtedness between the parties was shown; no evidence of an intent to give, or of a delivery of the subject of the gift, other than as stated, was presented. On the other hand, letters written by Margaret Hayes to various relatives of Christina McGovern, after her death, show conclusively that the parties themselves did not understand that any transfer of title had been accomplished. Thus on December 17, 1917, Margaret Hayes wrote to a Mr. Cowley: "She [Christina McGovern] has some money in the bank here *which she has in my name* which I will send to her relatives." And also, "Your aunt made no will that I know of. *The money she has is in my name.*" On the same day she wrote Mrs. Neill, "She left some money in the bank, *which she put in my name*, which I will send to you and your other relatives." In this manner Margaret Hayes repudiated any possible inference from the acts related that a transfer of legal title in the fund was intended to be made.

The paper authorizing the bank to change the form of the deposit did not of itself operate as a transfer of title to the fund. It was directed only to the bank, and the direction if followed would have effected no transfer. It was said in *Beaver* v. *Beaver* (117 N. Y. 421): "We are inclined to think that to infer a gift from the form of the deposit alone would, in the great majority of cases, and especially where the deposit was of any considerable amount, impute an intention which never existed and defeat the real purpose of the depositor." In *Matter of Bolin* (136 N. Y. 177) it was said of a deposit of moneys by their owner to the credit of herself and another: "The only presumption would be that the depositor so arranged for the purposes of convenience." In *West* v. *McCullough* (123 App. Div. 846) it was said: "In case a

person deposits his own money in a savings bank in the name of himself and another, not his wife, the presumption is that it was done for purposes of convenience only." The *Beaver* and *Bolin* cases were referred to with approval in *Kelly* v. *Beers* (194 N. Y. 49), where the deposit was payable to " Kate V. Beers or Sarah E. Kelly, her daughter, or the survivor of them," the court remarking: " It has been written, however, in various decisions that the mere form of the account in such a case as this will not be regarded as sufficiently establishing the intent of the person making it to create a trust in behalf of another or to give to such another joint interest in or ownership of the deposit." In *Clary* v. *Fitzgerald* (155 App. Div. 659) it was held that a deposit in a savings bank to the credit of " Mrs. Kate Connelly or Mrs. Kate A. Fitzgerald, either or survivor, may draw," presumptively created a joint tenancy, but this decision was placed upon the provisions of section 144 of the Banking Law (now Banking Law, § 249), which creates a presumption of joint tenancy in the case of a deposit of money to the credit of the depositor and another person and " in form to be paid to either or the survivor of them." It was stated in that case that had it not been for the provisions of the statute no presumption of joint tenancy would have arisen, and that the statutory presumption itself would disappear if proof of a contrary tenor was forthcoming. The statutory provisions do not apply in this case, for the reason that there was no authorized deposit to the credit of Margaret Hayes and Christina McGovern " in form to be paid to either or the survivor of them." The authorities are uniform that no presumption arose from the form of the paper in question that a transfer of title was intended. The delivery of the bank book to Margaret Hayes by Christina McGovern evidenced no intention to transfer title. (*Matter of Bolin, supra*.) It was said in that case of the custody of a bank book by an apparent transferee: " That is perfectly consistent with the motive of convenience; " and, again: " There were no words of gift, and the receipt and holding of the pass-book were consistent with a mere custody, or agency. The law never presumes a gift." Moreover, the statements made by Margaret Hayes in letters to the relatives that the deceased left money in the

bank " which she put in my name," are conclusive proof that no transfer of title to the fund was made.

The moneys now in controversy were drawn out by Margaret Hayes after the death of Christina McGovern from the account which stood to the credit of the two women in the defendant bank, and placed to the credit of herself and her husband, who are now the plaintiffs. When the plaintiffs placed in evidence a bank book showing that these moneys stood to their credit they made a *prima facie* case for recovery. The moment it appeared, however, that these moneys were derived from a fund formerly standing to the credit of Christina McGovern, the burden of going forward with the proof shifted, and the plaintiffs were compelled to establish that legal title passed to them by a transfer through Margaret Hayes from Christina McGovern. This burden the plaintiffs have not successfully borne.

It is argued that Christina McGovern, if she did not intend a gift to Margaret Hayes, did at least intend that Margaret Hayes should receive the fund in trust for distribution among her relatives. The answer is that the supposed trustee is not here a plaintiff claiming as trustee. Instead thereof two individuals are plaintiffs claiming in their own right. Even if Margaret Hayes alone were plaintiff claiming as trustee it would be necessary for her to allege and prove the trust. To the validity of an express trust the naming of *cestui que trust*, and of a trust fund are necessary. It has not been proven that the deceased directed Margaret Hayes to distribute the fund among *cestui que trust* named by her in proportions by her given. The letters of Margaret Hayes were competent proof only negatively as admissions against her interest to indicate that a gift was not intended. They cannot be used affirmatively to establish a trust on the part of Margaret Hayes in favor of relatives of the deceased designated by her in a case where the existence of a trust has not been asserted. The plaintiffs must rest their case exclusively upon a voluntary gift from Christina McGovern to Margaret Hayes, and in this they have utterly failed.

For these reasons the judgment and order should be reversed.

All concurred, JOHN M. KELLOGG, P. J., with a memorandum, except WOODWARD, J., dissenting, with an opinion.

JOHN M. KELLOGG, P. J. (concurring):

The letters of Margaret Hayes, referred to in the opinion of Mr. Justice HENRY T. KELLOGG, make it plain that the transfer did not make her the owner of the bank deposits, and I favor reversal for that reason. I am inclined to think that under section 144 of the Banking Law (now Banking Law, § 249) the judgment might otherwise stand. (*Clary* v. *Fitzgerald*, 155 App. Div. 659; 213 N. Y. 696.) But it is unnecessary to consider that question.

WOODWARD, J. (dissenting):

The plaintiffs brought this action against the Manufacturers' National Bank of Troy to recover the amount of a joint deposit in that bank, aggregating $5,319.98. There is no doubt that they were able to allege and prove a clear cause of action at law, but a portion of the fund which stood credited to the plaintiffs on the books of the bank was derived from a deposit originally made in the name of Christina McGovern. The bank, being fearful that the transfer of that fund to the plaintiffs involved fraud or irregularity, made a motion to bring in the present defendant, depositing the portion of the fund in question to the order of the court in the litigation, and this motion was granted, the bank retiring as the defendant in the action.

The plaintiffs thereupon served a supplemental complaint, alleging the primary obligation of the bank to them and the fact of the granting of the interpleader as to the sum of $3,994.49, the sum really in controversy, and claimed to be the owners of said sum, demanding judgment therefor.

The substituted defendant denied the material allegation of the complaint relating to the ownership of the fund, and as " a second and further defense herein, and as a counter-claim," alleged the death of Christina McGovern on or about the 15th day of December, 1917, leaving next of kin surviving. It was alleged that she was at the time of her death the owner of the fund in controversy, and the steps taken for the appointment of the defendant as administrator of the estate of the said Christina McGovern are set forth. The answer then alleges a fraudulent conversion of the fund in suit by the plaintiffs, and that " the said sum of $3,994.49 on deposit

to the credit of this action pursuant to the order of interpleader in this action, was and is the money and property of Christina McGovern, deceased, and this substituted defendant as her administrator has the right to the possession thereof for the purposes of the administration of her estate, and the payment of said moneys to the next of kin of said decedent."

Upon the trial of the action the evidence clearly showed that in an action at law against the bank the plaintiffs were entitled to recover; the deposit of the funds by the plaintiffs was established, and with this, of course, the promise of the bank to pay the fund to them upon demand. The question presented to the court, therefore, was whether Christina McGovern was, at the time of her death, the equitable owner of the deposit to the extent alleged in the answer of the substituted defendant. In other words, when it was shown that the plaintiffs actually had a deposit covering the fund, in the bank of the original defendant, the substituted defendant undertook the burden of showing that the money of Christina McGovern was fraudulently and unlawfully mingled in such deposit; that the equitable title therein vested in the said Christina McGovern at the time of her death, and the only question here is whether he has sustained the burden of proof thus assumed. On the face of the evidence the plaintiffs were entitled to the deposit of $5,319.98 standing in their names in the Manufacturers' National Bank, made up in part of the $3,994.49 which was, concededly, transferred from the account of Christina McGovern, and there is no presuumption that this transfer was unlawfully or fraudulently made.

The learned court, upon the trial, submitted to a jury the question of the ownership of the money, and the jury found that Christina McGovern was not the owner of the fund at the time of her death, and this finding of fact was accepted by the court, so that in this equitable action the defendant has had the privileges of a trial by jury as to the material fact in the case, and, unless the evidence clearly fails to sustain the verdict of the jury and the decision of the court, there is nothing to justify this appeal.

Indeed, it does not seem to be seriously urged that the judgment is not proper upon the evidence, but because the learned trial court made reference to an identification card,

which does not appear to have been technically offered and received in evidence, a motion to set aside the judgment and for a new trial was made, and the motion having been denied, appeal comes to this court from the order denying the motion, and the most of the argument centers around this incidental matter. The learned trial court found, at the request of the defendant, that the order of Christina McGovern directed to the Manufacturers' National Bank provided to " Pay Trans to Joint a/c Margaret Hayes and Christina McGovern or Bearer Seventy-eight hundred one 69/100 Dollars, on account of Money standing to my credit or subject to my control in your Bank, as a Special Deposit on interest per Pass Book No. 14916," and the special objection urged to the transaction is that the bank clerk figured up the interest to the date of the transfer, noted it upon the margin of the order, and transferred the whole amount to an account in the names of Christina McGovern, Margaret Hayes, " subject to either or the survivor."

Was there any other reasonable construction to be placed upon the order than that given it by the bank clerk? The direction was to transfer to a joint account in the name of " Margaret Hayes and Christina McGovern or Bearer Seventy-eight hundred one 69/100 Dollars, on account of Money standing to my credit or subject to my control in your Bank, as a Special Deposit on interest per Pass Book," etc. The sum mentioned was the total of the principal fund, and a direction to transfer that amount of a " Special Deposit on interest," was clearly designed to authorize the transfer of the entire account; no one would assume that it was the intention of the person giving such an order to separate " a Special Deposit on interest " from the interest it had earned. But assuming, for the sake of the argument, that the order was limited to the amount named, there can be no question that there was a valid order for this sum, and it was not vitiated in its entirety because a bank clerk misconstrued the language. The transfer was good as to the sum of $7,801.69, and there is no means of separating the interest in the action now before the court. I do not, however, recognize the justice of this construction; the order fairly construed in the light of all the circumstances was a direction to transfer the " Special Deposit on interest," leaving the bank clerk to

compute the exact amount. This order, originally drawn on the 14th of April, 1917, was redated by the bank clerk with a rubber stamp on the 12th day of December, 1917, when it was presented, and this is stressed by the appellant as though it had a bearing upon the alleged fraud of the plaintiffs, but it was obviously merely his private or banking memorandum of the date to which the interest was to be figured, in the place of the date which had been originally placed upon the order by the person drawing it. And then it is urged that this same bank clerk failed to obey the instructions of the order because he transposed the names and neglected to insert the conjunction " and " between them, and added the words " Subject to either or the survivor." But the order did not undertake to prescribe the form; it was to transfer " to joint a/c Margaret Hayes and Christina McGovern," and this is exactly what was done. A joint account is in law " subject to either or the survivor," and there can be no reasonable doubt that the form of the credit complied with the order.

The fact that Margaret Hayes acted upon the theory that a portion of this fund should be distributed among the next of kin of Christina McGovern, and that she actually did distribute about one-half of it to such next of kin, does not operate to change the law. As survivor of this joint deposit she became entitled to the whole of it, and as it has been found that there was no fraud in the transfer, and no undue influence, which is but a species of fraud, it must follow that the mere fact that the trial justice made reference to an identification card as being corroborative of the plaintiffs' theory of the case does not justify the reversal either of the order or the judgment. The facts as they appear in the evidence, entirely apart from the identification card, fully justify, if they do not compel, the judgment.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event. The court disapproves of the seventeenth finding of fact, and of the first, second, third, fourth and sixth conclusions of law so far as they contain any finding of fact.