In the Matter of the Proceeding by CHARLES B. TRIPP, as Administrator, to Make Discovery and to Obtain Delivery of Assets Belonging to the Estate of ELIZABETH TRIPP FONDA, Deceased.

MILTON P. MILLER, Appellant; CHARLES B. TRIPP, as Administrator, etc., of ELIZABETH TRIPP FONDA, Deceased, Respondent.

Third Department, June 19, 1923.

**Gifts — depositor in savings bank handed bank book to nephew with note to bank to make nephew survivor — bank wrote " or Milton P. Miller " after depositor's name — nephew returned bank book to depositor — later bank stamped in book after names " Pay to either or survivor of either "— valid gift not effected under either common law or Banking Law, § 249.**

A valid gift is not effected either under the common law or under section 249 of the Banking Law, where it appears that the depositor in a savings bank handed her bank book to her nephew with a note to the bank directing that the nephew be made her survivor; that the nephew took the bank book and note to the bank, and an official of the bank wrote on the bank book after the name of the depositor the words " or Milton P. Miller;" that the nephew returned the book to the depositor; that thereafter the bank at the request of the depositor stamped upon the book " Pay to either or the survivor of either;" and that the bank book remained in the possession of the depositor until her death.

APPEAL by Milton P. Miller from a decree of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on the 30th day of December, 1921, directing him to deliver to the respondent the sum of $988.34, with accrued interest, on deposit in the Cohoes Savings Bank in the name of " Milton P. Miller or Mary V. Miller, his wife, pay to either or the survivor of either," being the moneys on deposit in said bank in the name of " Elizabeth B. Fonda or Milton P. Miller, pay to

MATTER OF FONDA.

Third Department, June, 1923. [Vol. 206

either or the survivor of either," at the time of the death of the respondent's intestate, and certain other personal property.

The decree was entered in proceedings under sections 2675 and 2676 of the Code of Civil Procedure (now Surr. Ct. Act, §§ 205, 206).

*Edward A. Mealy,* for the appellant.

*J. S. Carter,* for the respondent.

H. T. KELLOGG, Acting P. J.:

There are a few familiar principles of the common law which, for the purposes of this case, require restatement. The requisites of a valid gift are an intent to make an immediate gift, a delivery of the thing given, and an acceptance of the gift. The delivery may be either manual or symbolical. If the subject of the gift is a chose in action, such as a bank account, a delivery of the instrument which evidences it, such as a bank pass book, is sufficient. The delivery of the symbol, however, must be for the purpose of accomplishing a complete change of possession, and if its delivery is consistent with an intent to retain title there is no gift. (*Beaver* v. *Beaver,* 117 N. Y. 421; *Matter of Bolin,* 136 id. 177; *Kelly* v. *Beers,* 194 id. 49.) In the *Beaver* case there was a deposit made in a savings bank by a father in the name of his son. The pass book was given by the bank to the father and always retained by him. It was held that there was no gift for the two reasons that (1) there was no delivery of the pass book to the son, and that (2) the intent to give was not sufficiently evidenced by a deposit to the credit of the son's name. In the *Bolin* case a mother, Julia Cody, having a daughter, Bridget Bolin, redeposited a savings bank deposit owned by her in an account entitled " Julia Cody or daughter, Bridget Bolin." The pass book came into the hands of the daughter who retained possession of it. It was held that there was no gift; that the custody of the pass book by the daughter was consistent with a motive of convenience; that the deposit in the joint names raised no presumption of the existence of an intent to give.

The facts in this case are, that Elizabeth Tripp Fonda, aged eighty-two, sufficiently ill to be confined to her bed, a few weeks before she died, handed to her nephew, Milton P. Miller, a savings bank pass book with a note addressed to an official of the bank. The note read as follows: " Dear Sir: Kindly make my nephew my survivor of what I have in this book and oblige, Very sincerely, Elizabeth B. Fonda. Milton P. Miller, nephew." The nephew, as directed, delivered the pass book and note to the official, who, contrary to instructions, wrote on the bank book, after the name " Elizabeth B. Fonda," the words " or Milton P. Miller." The

pass book was handed back to the nephew, who delivered it to his aunt, by whom it was ever after retained until her death. The aunt was dissatisfied with the action of the bank official, saying to him, " Isn't there some stamp or something you put on the book making it payable to either?" The official replied that there was, and subsequently stamped upon the book " Pay to either or the survivor of either." The common-law requisites of a valid gift, as set forth in the cases cited, were wanting because (1) there was no delivery of the pass book, and (2) the form of the deposit was not sufficient to create a presumption that there was an intent to give.

The common-law rules in relation to gifts were modified, so far as they applied to bank accounts, by section 114 of the Banking Law of 1892, as amended by chapter 247 of the Laws of 1907, which was revised by section 144 of the Banking Law of 1909 and by section 249 of the Banking Law of 1914. That section makes certain provisions in relation to savings bank deposits of which it is sufficient to quote the following: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants." This provision evidently modifies the law to make unnecessary a delivery of a symbol of the deposit. Together with other provisions not quoted it gives to a deposit in the form named the value of raising a presumption of an intent to make an immediate gift. (*Clary* v. *Fitzgerald*, 155 App. Div. 659.) However, as the provisions are in derogation of the common law they must be strictly construed. It has accordingly been held that the form of the deposit must be in strict conformity with that expressed by the statute, or the statute will not apply. (*Hayes* v. *Claessens*, 189 App. Div. 449.) Moreover the presumption merely makes a *prima facie* case which evidence to the contrary will overcome. (*Matter of Buchanan*, 184 App. Div. 237.) In our case the first writing upon the pass book, to wit, " Elizabeth B. Fonda or Milton P. Miller," was not in the statutory form. The second writing, " pay to either or the survivor of either," closely approximates that form. It was not, however, the precise form chosen by the depositor. She inquired if there were not some stamp which would make the deposit payable to either and said she wanted it that way. She said nothing about inserting the words " or the survivor of either " which are an essential part of the statutory form. She did not, therefore, select the words used. Moreover, Milton P. Miller himself stated

that the intent at all times expressed by the depositor was to make him the owner of what remained in the deposit after her death. That is consistent with the note which the depositor sent to the bank official wherein she said, " Kindly make my nephew my survivor." It is not inconsistent with her subsequent inquiry made of that official as to making the account payable to either. There was no proof, therefore, that Elizabeth Tripp Fonda intended to make an immediate gift, whereas, on the contrary, all the proof indicated that she intended to make a gift which would take effect only after her death. The statute was, therefore, ineffective and the attempted gift, under common-law principles, failed.

The decree should be affirmed, with costs against the appellant.

Present — H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ.

Decree unanimously affirmed, with costs against the appellant.