In the Matter of the Estate of JOHN A. KIMBALL, Deceased.

Surrogate's Court, Oneida County, December 22, 1924.

Executors and administrators — judicial settlement of account — decedent and sister were owners of Liberty bonds standing in their names as follows: " John A. Kimball or Laura Kimball "— no evidence as to who furnished money for bonds — decedent and sister held bonds as tenants in common.

In proceedings for the judicial settlement of the account of an administrator in which it appeared that the decedent and his sister held Liberty bonds in their names as follows: " John A. Kimball or Laura Kimball," it must be held, in view of the fact that there is no evidence as to who furnished the money for the purchase of the bonds or evidence that the survivor should be the owner, that the decedent and his sister held the bonds as tenants in common and that the sister is entitled to one-half only of the bonds and interest thereon.

PROCEEDING for judicial settlement of estate involving ownership of two Liberty bonds and one United States certificate issued to " John A. Kimball or Laura Kimball," brother and sister.

*J. E. Hanagan*, for the administrator.

*H. C. Sholes*, for the incompetent and special guardian.

JONES, S.:

On the judicial settlement in the above estate the question has been raised as to the ownership of two United States Liberty bonds of $50 each, and one United States convertible gold certificate of $100, all issued in the name of " John A. Kimball or Laura Kimball; " and also several checks for interest on said bonds, also payable to John A. Kimball or Laura Kimball. Said John A. Kimball is the decedent herein and Laura Kimball is an incompetent person.

The decedent and Mary Kimball were brother and sister and resided together for many years on a farm in the town of Augusta; it appears that he owned the farm and she kept house. This farm originally belonged to their father, but the interests of the other heirs were purchased by John A. Kimball, including the interest of Laura. One of the brothers received three hundred dollars for his share, but it does not appear how much Laura received. She had no bank account, but her committee received eighty dollars, the proceeds of some chickens, fruit and household articles owned by her and disposed of by said committee; she also owned three War Savings stamps, each of the value of five dollars; in other words, both the decedent herein and his sister, Laura Kimball, had some property.

It does not appear who furnished the money to purchase the bonds, and there is no proof of any nature showing an intent by either to make a gift to the survivor. We have, therefore, in this case, briefly, the following situation: Two persons, brother and sister, each having a little property, with bonds standing in their names as follows: " John A. Kimball or Laura Kimball."

Section 249, subdivision 3, of the Banking Law provides as follows: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants * * *." Sections 148 and 198 contain similar provisions.

There have been several recent decisions by the courts under section 249, and the provision in question has been held not an enactment of a new law, but rather a declaration of an existing one. In order that the presumption of joint tenancy may arise as provided by the statute, the deposit must be in the form specifically mentioned in the statute. (See *Hayes* v. *Claessens*, 189 App. Div. 449; *McDonald* v. *Sargent*, 121 Misc. 437.)

It thus appears that unless the deposit is made in the form prescribed by the statute, the law as to said deposit remains as formerly, requiring proof as to ownership of the fund.

In the case of *Matter of Bolin* (136 N. Y. 177) a deposit was made of money belonging to Julia Cody in an account entitled: " Julia Cody or daughter, Bridget Bolin," and the passbook came into the hands of the daughter who retained custody thereof. The court held that " there were no words of gift and the receipt and holding of the passbook were consistent with a mere custody, or agency. The law never presumes a gift. To constitute a valid gift there must have been the intent to give and a delivery of the thing," and the court further held that the fund deposited, having belonged to the mother, belonged to her estate at her death and not to the daughter.

There has been a presumption at law that where a husband deposited his own funds in his own name and that of his wife, upon his death she shall take by survivorship as is stated in *Matter of Blumenthal* (236 N. Y. 448, 452), but such presumption does not apply to one not a wife. In the *Blumenthal* case aforesaid the court refers to the case of *Matter of Kaupper* (141 App. Div. 54, 57), wherein Mr. Justice BURR touched upon the matter as follows: " * * * Where it does not appear to whom the money belonged when it was placed in the bank, or who placed it there, although the bank book may be in the joint name of husband and wife, in

the absence of other evidence of intent the presumption will obtain that each had an equal interest therein. (*Wetherow* v. *Lord*, 41 App. Div. 413.)" I believe such presumption also obtains in the case of two persons not husband and wife.

In the case now before the court a bank deposit is not involved, and we can only apply the rules pertaining to such bank deposits to the case in hand by analogy. In view of the cases mentioned and many others relative to so-called joint bank deposits, I am unable to see how this court can by analogy find that Laura Kimball, as the survivor, was the sole owner of the bonds and of the assets and proceeds therefrom.

Section 66 of the Real Property Law provides that " Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy   *   *   *."

This rule also applies to personal property. (See *Matter of Kimberly*, 150 N. Y. 90.)

The Court of Appeals in *Matter of Blumenthal* (*supra*) held that where a husband and wife owned real estate as tenants by the entirety, conveyed it and took back as part of the consideration a bond and mortgage, payable to Alfred Blumenthal and Hannah Blumenthal, his wife, there being no mention made of joint tenancy and nothing to show who owned or paid for the property in the first place, and no intent shown that such ownership of the bond and mortgage should be joint, under section 66 of the Real Property Law, the presumption was that each owned one-half. The above is a case of a husband and wife where the presumption as to survivorship is much stronger than as between other persons.

Clearly under the reasoning in the *Blumenthal* case aforesaid, and in the absence of any proof as to who furnished the funds to purchase the bonds, or any intent as to survivorship on their part, and had the word " and " been used between the names John A. Kimball and Laura Kimball, they would have taken as tenants in common.

Considering the word " or " as used, the court in *McElroy* v. *Albany Savings Bank* (8 App. Div. 46, 47), where there were two identical deposits, except that in one the word " and " was used and in the other " or," held that they had the same meaning and effect. (See, also, *Matter of Meehan*, 59 App. Div. 156.)   See, also, in this connection *Matter of Bolin* (136 N. Y. 177), where the word " or " was held not to show survivorship necessarily.

In view of the situation in the case now before the court, and in view of the fact that there is no proof of a gift, intent that the survivor shall take, or who furnished the funds to purchase the

securities, I hold and decide that John A. Kimball and his sister, Laura Kimball, took said bonds and the interest and proceeds therefrom as tenants in common, and that the incompetent is entitled to one-half thereof and the estate of John A. Kimball to the other half.

Decreed accordingly.