ELLEN MULCAHEY, Respondent, *v.* THE EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant.

Plaintiff and her nephew O'K. opened a deposit account with defendant. When the first deposit was made, plaintiff stated to defendant's officers, in the presence of O'K., that "either of them or both could draw the money." The usual savings bank pass-book was issued in which the deposit was entered to the credit of plaintiff " *or* " O'K., and the account on the books of the bank was in the same form. One of the rules printed in the pass-book provided that all payments to persons producing the pass-book should be valid to discharge defendant. Subsequent deposits were

made, both depositors being present and each contributing to the fund. O'K. having died, plaintiff informed defendant's officers of that fact and that the wife of O'K. had the pass-book, and notified them not to pay the money to her. Defendant, however, on presention of the book with letters of administration, issued to Mrs. O'K. on the estate of her husband, paid to her the whole deposit. In an action to recover the same, the court directed a verdict for plaintiff for the full amount. *Held* error ; that the right of the bank to pay on the separate order of either of the depositors, and of each of them to demand payment was not terminated by the death of O'K. ; that his authority being coupled with an interest vested on his death in his personal representative ; but that defendant, after notice of plaintiff's right to the fund, with a prohibition as to payment to such representative, could not justify such a payment if the money of right, as between plaintiff and the estate of O'K., belonged to her ; and that plaintiff was entitled to recover, but only to the amount of the deposits made by her.

*It seems* that the case was a proper one for an interpleader in which the rights of the respective claimants could be judicially ascertained.

(Argued May 29, 1882 ; decided June 20, 1882.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, in favor of plaintiffs, entered upon an order made February 7, 1881, which overruled defendant's exception and directed judgment on a verdict.

This action was brought to recover the amount of certain deposits made with defendant, a savings bank.

The material facts are stated in the opinion.

*John E. Develin* for appellant. The contract with the defendant was in writing and constituted an acknowledgment of an indebtedness by the bank, and that either of the two parties named is entitled to receive the amount. of it. (*Allen* v. *Williamsburgh Savings Bk.*, 69 N. Y. 322.) The promise here is to either or each and not to both, and therefore is not a joint but, by unmistakable words, a several promise. (Bouvier's Law Dict., Words "Joint Contract" ; 1 Parsons on Cont., chap. 2, §§ 1, 2.) This was not a partnership, or in the nature of a partnership transaction, on the part of O'Keefe and the plaintiff in entering into the agreement with the defendant.

(*King* v. *Sarria*, 69 N. Y. 30.) It was competent for the parties to agree in any manner they pleased, and having thus agreed in writing, no extraneous fact or parol testimony will be permitted to alter their agreement. (*Keightley* v. *Watson*, 3 Exch. 716; 1 Parsons on Cont., chap. 2, § 1, p. 19, note; Wharton's Law of Ev., §§ 936–956; *Record* v. *Chisum*, 25 Tex. 348; R. S., chap. 6, title 3, art. 1, § 6; 2 id. 82–3.) By having the pass-book, O'Keefe alone could meet the stipulation that the bank should not be obliged to pay unless the book was presented at its counter. (*Downes* v. *The Phœnix Bank of Charlestown*, 6 Hill, 297; *Payne* v. *Gardner*, 29 N. Y. 169–170.)

*L. C. Dessar* for respondent. The moneys deposited became a joint fund payable to the survivor. (1 Parsons on Cont. 31; *Blake* v. *Sanborn*, 8 Gray, 154; 1 Jones on Mortgages, § 135; 3 id., § 1283; *White* v. *Osborn*, 21 Wend. 72; *Tyler* v. *Tayler*, 8 Barb. 585.)

ANDREWS, Ch. J. A verdict was directed for the plaintiff for the whole amount of the deposit made by her and O'Keefe, notwithstanding the payment of the same by the bank, before the commencement. of the action, to the administratrix of O'Keefe, on the ground that the legal title to the fund vested in the plaintiff, on the death of O'Keefe, as survivor, and that she alone was entitled to receive it. The account with the bank was opened in 1862, and the last deposit was made in 1871. Simultaneously with the first deposit, the usual savings bank pass-book, with rules printed thereon, was issued with the following heading: "Dr. The Emigrant Industrial Savings Bank, in account with John O'Keefe *or* Ellen Mulcahy, Cr.," and the account on the books of the bank was in the same form. There is no explanation of the reason for opening the account in this way, except what may be inferred from the relationship of aunt and nephew, existing between the plaintiff and O'Keefe, and the admission on the trial that when the first deposit was made, the plaintiff in the presence of O'Keefe,

said to the officers of the bank "that either of them, or both could draw the money." There is no distinct evidence as to the respective interests of the plaintiff and O'Keefe, in the money deposited with the defendant. It was admitted that they were both present when the deposits forming the account were made. The plaintiff testified that she " saved her husband's money and deposited it in the bank." It does not appear what portion of the money, if any, belonged to O'Keefe, but the evidence justifies the inference that each of the depositors contributed to the fund, and that as between themselves their interests therein were several, and not joint. One of the rules of the defendant, printed on the pass-book, provides that all payments to persons producing the pass-book, shall be valid payments to discharge the bank. O'Keefe died in 1873. The plaintiff, on the day after his burial, informed the officers of the bank of his death, and that Mrs. O'Keefe had the pass-book, and notified them " not to give her money to Mrs. O'Keefe when she should come with the bank-book," and asked them " what way she had for saving her money. " The bank, however, a few days thereafter, not regarding the notice, paid the deposit to Mrs. O'Keefe, on her presenting the pass-book, with letters of administration issued to her on the estate of her husband. We are of opinion that as the evidence stood, the court erred in directing a verdict for the plaintiff for the full amount of the deposit. The principle seems to be settled, that the right of action on a bond held by two joint obligees, or on a promise for the payment of money to two joint promisees, vests on the death of one, in the survivor. (*Blake* v. *Sanborn*, 8 Gray, 154; 1 Parsons on Contracts, 31, and cases cited.) But the right of the deceased obligee or promisee is not extinguished by his death. The survivor will hold the security, and the proceeds, as trustee to the extent of the interest of the deceased joint obligee or promisee, in the debt or fund. If this was the bald case of a joint deposit, of a joint fund, belonging to the two depositors, it would seem to follow that the legal title to the deposit, vested on the death of O'Keefe in the plaintiff, and that the

liability of the bank at law, was not discharged by payment to his administrator. Whether in that case the payment to the extent of the actual interest of O'Keefe, would not be good in equity, is a question we need not now consider. But the transaction in this case was peculiar. It is quite plain that the account was opened in the form it was, to carry out the intention of the depositors that each should have the right to draw the money, and to justify the bank in paying on the separate order of either. The right of the bank thus to pay, and of each depositor to demand payment, was not we think terminated by the death of O'Keefe. The authority O'Keefe had, was coupled with an interest, and vested on his death in his personal representative. The bank agreed in substance to pay to either depositor, on the production of the pass-book. The several character of its obligation was not transformed by the death of O'Keefe, into an obligation to pay to the survivor alone. But when the bank had notice that the fund belonged to the plaintiff, and was prohibited by her from paying it to the representatives of O'Keefe, it could not thereafter justify a payment to the latter under the original authority, or by reason of the rule in the pass-book, if the money of right, as between the plaintiff and the estate of O'Keefe, belonged to the former. The case was a proper one for an interpleader, in which the rights of the respective claimants could be judicially ascertained. Having paid over the fund on the demand of Mrs. O'Keefe, the bank assumed the hazard of being compelled to pay again to the plaintiff, on her establishing her actual right as between her and the estate of O'Keefe. We think the plaintiff was not entitled to recover, except to the extent of her actual beneficial interest in the debt owing by the bank, and that the theory upon which the verdict was directed, cannot be sustained.

The judgment should therefore be reversed, and a new trial granted, costs to abide the event.

All concur, except TRACY, J., absent.

Judgment reversed.