Dyicmak, J.
Isaac Warrall was the husband of Mary Warrall and both are now dead. The plaintiff is the executor of the wife and the defendants are the executors of the husband. During the hfe-time of both, on the 5th day of July, 1882, the husband made a deposit of $1,500 of his own money in the Mechanics’ Savings Bank of Fishkill Landing in the joint names of himself and his wife. It is found as a fact by the judge before whom the cause was tried, without a jury, that the money was so deposited because it was desired and intended that either might draw the whole or any part thereof during their joint lives, and on the death of either the survivor should be the owner and have the whole amount then remaining on deposit, with whatever interest might have accumulated thereon. After the death of the husband the defendants, his executors, obtained possession of the bankbook and drew a small portion of the money and refuse now to deliver either to the plaintiff. The bankbook and the money were included in the inventory of the husband’s estate with the assent of the wife, who survived him. The trial judge decided that the money belonged to the husband; that it was deposited in the names of both and went to the survivor; that in ignorance of her rights, she said it was the money of her husband and that she had no interest in it, but as the parties had not acted upon this assertion it did not amount to an estoppel. By reason of the unity of husband and wife, in the view of the law, an obligation taken in the name of both enures to the benefit of both, and the whole goes to the survivor. This old rule of law is still prevalent in this state (Bertels v. Nunan, 92 N. Y., 151), and is in favor of the plaintiff here. In the case óf Mulcahey v. The Emigrant Industrial Savings *495 Bank (89 N. Y., 435), the plaintiff and her nephew opened a deposit account with the defendant and the book was issued to the plaintiff or O’Keef, and it was held that the bank was authorized to pay on the separate order of each, and' that such right was not terminated by the death of either. This case falls easily under the control of the principle enunciated in the case of Sanford v. Sanford (45 N. Y., 726, and 58 N. Y., 72). That case, as last reported, is conclusive both on the question of the right of the wife and her waiver thereof. We conclude, also, that the discretion of the court was properly exercised on the question of costs and that the judgment should be affirmed, with costs.
Cullen, J., concurs.