In the Matter of the Judicial Settlement of the Accounts of the Executors of WILLIAM TOBIN, Deceased.

*(Surrogate's Court, Orange County, Filed December 4, 1890.)*

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—JOINT BANK ACCOUNT.

Testator by his will gave his wife $1,000, and the balance of his estate to his brother. He and his wife had an account in bank in their joint names in which each deposited, having independent sources of revenue, and the larger portion of the drafts upon it was made by the wife. Shortly after his death she drew out the balance. *Held,* that there being no proof as to how much belonged to each, the presumption was that each owned half; that the wife held as trustee any part of such balance as belonged to the estate; that the court had no power to direct her to pay the same over, but would direct that the same be charged against her statutory allowance, the legacy having been paid, and that the executors pay the same to the brother.

Testator William Tobin died May 26, 1889. At the time of his death there was in the Newburgh Savings Bank an open account in the names of "William and Catherine Tobin,"

amounting to $402.41. Catherine Tobin was the wife of William Tobin. Both had independent sources of revenue sufficient to account for the half or the whole of the account. William was a soldier in the employ of the government and was stationed at West Point. Catherine at the time of her marriage was keeping, and after that continued to keep, a saloon at Highland Falls. The bank officer testified that previous to William's death all the drafts upon the account, twelve in number, had been made by Catherine, except two. The amount drawn out by William was $500, and the amount drawn by Catherine was $2,333.32. The account began in 1873. Three days after William's death Catherine drew out the balance of the account, $402.41. By his will the testator gave to his wife $1,000 "out of my personal property of money in bank or otherwise," and gave his brother, James Tobin, "all of the balance of my money in bank or otherwise."

The legacy to the wife is not mentioned to be in lieu of any right given her by law as widow. The will is dated December 1, 1888.

W. C. Anthony, for executors; A. H. F. Seeger, for Catherine Tobin; J. G. Graham, Jr., for James Tobin.

COLEMAN, S.—Objection is made upon this accounting by James Tobin, that the executors have failed to account for any part of the bank account, and urge that their account should be surcharged with the amount of the testator's interest in the account, or that such amount be deducted on this accounting from the amount of the legacy to Catherine Tobin, for which they ask to be credited, or from any other moneys she may be entitled to from this estate.

The will disposes of the testator's whole personal estate; she, therefore, takes no distributive interest as widow, R. S. 2565, sec. 75, 8th ed., notwithstanding the fact that the legacy to her is not mentioned to be in lieu of her legal rights. She is, however, entitled to receive the $150 given her by statute, Sheldon

v. Bliss, 8 N. Y. 31; Vedder v. Saxton, 46 Barb. 188, which appears not to have been paid to her.

As to the bank account, there is no testimony showing how much of the account belonged to each, and the presumption is that at least one-half of it belonged to the husband. Gelster v. Syracuse Savings Bank, Gen. Term, 4th Dep., 17 Wk. Dig. 137.

Catherine had the legal right to draw the money from the bank, and she holds, as trustee, any part of it which belongs to the estate of the deceased. Mulcahey v. Emigrant Industrial Savings Bank, 89 N. Y. 435; Gaffney v. Pub. Adm'r, 4 Dem. 223.

The proceeding is for a judicial settlement, and in it the rights of the legatees under the will must be determined by this court, which has jurisdiction to settle and adjust the conflicting rights and interests in and to the fund held, or which ought to be held, by the executors for distribution. Riggs v. Cragg, 89 N. Y. 479, 491.

In the case of Rogers v. Murdock, 45 Hun, 33, 9 N. Y. St. Rep. 660, it was held that the surrogate, on a judicial settlement, could charge an executor with the amount due upon certain notes made by a legatee to the testator, and deduct this amount from the amount of the legacy, although the executor could not have maintained an action upon the notes, more than six years having elapsed between the making of the notes and the death of the testator.

James Tobin and Catherine Tobin are both parties to this proceeding, and I am of opinion that this court should, so far as it has power to do so, settle their respective rights in the estate, including the bank account. The only money still unpaid Catherine Tobin is the $150 mentioned. At least this amount should be charged against the executors as part of the half of the bank account held by Catherine Tobin in trust for this estate, and the amount thus charged against the executors, be by them paid to James Tobin, as residuary legatee, and Catherine's claim thereto thereby extinguished. As to any further interest the said deceased had in said bank account, this

court has no power to make a decree directing Catherine Tobin to pay over. Although the executors have not collected from Catherine Tobin the interest of the deceased in the bank account, and have paid to her the legacy of $1,000, without retaining such interest therefrom, still I do not think the evidence in the case sufficient to charge them personally therefor. But the decree should provide that the executors shall execute an assignment to James Tobin of all such interest to be held by him to his own use.