In the Matter of the Judicial Settlement of the Accounts of BRIDGET BOLIN, as Administratrix, etc.

To establish a valid gift, the evidence must show a delivery of the property, with intent on the part of the donor to divest himself of title and the possession, and must be inconsistent with any other intention.

Julia Cody deposited a sum of money in a savings bank in her own name. Subsequently she deposited it in an account entitled "Julia Cody or daughter, Bridget Bolin." The mother lived with and was supported by her daughter, and, because of infirmities, was the object of solicitude and care. The pass book came into the hands of the daughter, who thereafter retained the custody of it, as she did all of her mother's property. On the accounting of the daughter, she claimed the deposit as a gift. *Held*, untenable; that the facts did not authorize the inference of a gift or a transfer of title.

(Submitted October 28, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 12, 1892, which affirmed a judgment entered upon a decree of the Surrogate's Court of the county of Kings, confirming the report of a referee appointed to take and state accounts of Bridget Bolin, administratrix of Julia Cody, deceased.

The facts, so far as material, are stated in the opinion.

*Phillips & Avery* for appellant. It was the plain intent of Julia Cody that the money deposited in the Emigrant Industrial Savings Bank should belong to Bridget Bolin. (*Orr* v. *McGregor*, 43 Hun, 528.) The intent being proven, it should be carried out by the court, unless this would violate some rule of law. (*Mulcahey* v. *E. I. S. Bank*, 89 N. Y. 435; *In re Ward*, 2 Redf. 251.) The deposit in the name of "Julia Cody or Bridget Bolin," followed by the delivery of

the pass book to Mrs. Bolin, in whose possession it thereafter continuously remained, was sufficient to vest the title to the deposit in Mrs. Bolin upon the death of Mrs. Cody. (*Mack* v. *M. & T. S. Bank*, 50 Hun, 477; *Penfield* v. *Thayer*, 2 E. D. Smith, 305; *Hill* v. *Froelish*, *supra*; *Walsh* v. *B. S. Bank*, 2 City Ct. Rep. 276; *Hannon* v. *Sheehan*, 19 N. Y. Supp. 698.) The possession of the book gave Mrs. Bolin complete power to draw out the money for herself. (*Mack* v. *M. & T. S. Bank*, 50 Hun, 479.) The requests to find were requests to find a material fact; they were in proper form; the exceptions were duly and properly taken; the exceptant was necessarily prejudiced thereby, and for such errors the decree should be reversed. (Code Civ. Pro. § 2445; *Whitlock* v. *Lee*, 64 N. Y. 248.)

*William J. Carr* for respondent. The transfer of the old account to an account in the words " Julia Cody or Bridget Bolin," created no interest in the fund in Bridget Bolin as against Julia Cody or her representatives. (*Grey* v. *Grey*, 47 N. Y. 552; *Williams* v. *Guile*, 117 id. 243; *Curry* v. *Powers*, 70 id. 212; *Jackson* v. *R. R. Co.*, 88 id. 520.) There was no joint tenancy created in this fund by the new account of 1879 or 1886. (*Mulcahey* v. *Bank*, 89 N. Y. 435.) Equity will not interfere to uphold a transaction purely voluntary, such as an alleged gift. (*Young* v. *Young*, 80 N. Y. 422.)

GRAY, J. The administratrix, and appellant here, was one of the daughters of Julia Cody, deceased, and she withheld upon her accounting a sum of money, which she had drawn from a savings bank. During her lifetime, Mrs. Cody had deposited it in her own name; but, subsequently, re-deposited it in an account entitled " Julia Cody or daughter, Bridget Bolin." A few years prior to Mrs. Cody's death, upon an occasion when they were both at the bank, the pass book came into the hands of her daughter Bridget; who thereafter retained the custody of it, as she, in fact, kept everything else of her mother's.

The administratrix claimed that she had become vested with the title to the deposit, and relied, in support of her claim, upon the existence of evidence showing an intent that she should have the moneys; which was effectuated, or fortified, as she insists, by a delivery of the pass book. This claim the other daughter of the deceased contested.

In addition to the manner in which the moneys were deposited and to the fact of her keeping the pass book, the administratrix places reliance upon evidence showing that for many years before her death the mother resided with her, and was supported by her and, by reason of grave physical infirmities, was the object of solicitude and of much care. All these facts, however, do not suffice to make out the proof of a transfer of title, or of a gift. That the moneys were deposited to the account of "Julia Cody or daughter, Bridget Bolin," is not a fact from which any inference of a transfer, or of a gift, arises. In the absence of other evidence, the transaction simply evidenced a purpose of the depositor of the moneys that they should be drawn out by either of the persons named. The only presumption would be that the depositor so arranged for the purposes of convenience, and that presumption is rather strengthened by the facts appearing, of her helpless condition of blindness and of her other infirmities.

Nor was the custody of the pass book by the daughter such a possession as evidenced an intention to transfer the ownership of the moneys deposited to the daughter. That is perfectly consistent with the motive of convenience; and the evidence that the daughter had the custody of everything belonging to her mother, detracts from the argument that the continued possession of the pass book tended to prove a gift, or the intention to make a gift. The infirm condition of the deceased and her demands upon her daughter's time and attentions might be strong evidence to bear out the presumption of a gift; if there was evidence to base the presumption upon, such as the proof of acts tending to establish an intention to give, and amounting to a delivery or transfer. But the diffi-

culty here is that there is no such evidence. There were no words of gift and the receipt and holding of the pass book were consistent with a mere custody, or agency. The law never presumes a gift. To constitute a valid gift there must have been the intent to give and a delivery of the thing. The evidence must show that the donor intended to divest herself of the possession of her property and it should be inconsistent with any other intention or purpose.

The referee refused to find that it was Julia Cody's intention that, upon her death, the amount of the account in the savings bank should belong to her daughter Bridget, and the evidence warranted him in his refusal. The brief oral and documentary evidence tended to prove nothing in the way of a gift of the moneys *inter vivos;* or of a transfer of the account in the bank, and it would have been error for the surrogate to have decreed otherwise than he did with respect to this item of the intestate's estate.

The judgment affirming his decree should be affirmed, with costs to the respondent against the appellant.

All concur.

Judgment affirmed.