(10 Misc. Rep. 754.)

## BURKE et al. v. SLATTERY.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

SAVINGS BANK—OWNERSHIP OF DEPOSIT.

The mere fact that a savings bank book is made out in the name of "J. or wife, B.," does not prove ownership of J. in the deposit, but simply evidenced a purpose that the money might be drawn out by either of the persons named.

Appeal from Tenth district court.

Action by James Burke and another against John Slattery for conversion of a savings bank book. The complaint was dismissed, and plaintiffs appeal. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Michael Fennelly, for appellants.

James P. Campbell, for respondent.

BOOKSTAVER, J. This is an action for the conversion of a savings bank book. The book stood in the name of "James Burke or

wife, Bridget." The original deposit was $3,000, which sum James Burke claimed had been given to him by one James Slattery on the evening of his marriage. James Slattery and the defendant are brothers, and the plaintiff Bridget Burke is their sister. She was insane at the time of the trial, and did not appear to give testimony. James Slattery flatly contradicted James Burke, testifying that he gave the $3,000 to his sister, and not to her husband. It appears that the defendant had for some eight years been paying out money for Bridget Burke for taxes, and, since she has been insane, for her support and care, and that he is now supporting her in an asylum. He testified that she pledged the bank book with him as security for these payments, which already amount to a larger sum than remains in the bank. The court of appeals has held in Re Bolin, 136 N. Y. 177, 179, 32 N. E. 626, where the deposit had been made in a form similar to the above, that, "in the absence of other evidence, the transaction simply evidenced a purpose of the depositor of the moneys that they should be drawn out by either of the persons named. The only presumption would be that the depositor so arranged for the purpose of convenience." The weight of the evidence is with defendant's contention that the book had been given to Bridget Burke, and the deposit in the name of her husband or herself was for convenience, and did not create any ownership in him. She therefore had a right to do with it as she pleased, and so could give it to defendant or pledge it with him. The complaint was properly dismissed, and the judgment should be affirmed, with costs.