(78 Misc. Rep. 468.)

### BERG v. KEBER et al.

(Supreme Court, Special Term, New York County. December 3, 1912.)

1. GIFTS (§ 48*)—DEPOSITS—EVIDENCE.

The will of one making a bank deposit in the joint names of herself and another, payable to either or to the survivor, executed after the opening of the account, affords no evidence of her intention at the time of the making of the deposit.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 87–94; Dec. Dig. § 48.*]

2. GIFTS (§ 49*)—EVIDENCE—SUFFICIENCY.

One alleging a gift must establish it by satisfactory proof; and, where the matter is in doubt on the whole case, the gift fails.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. GIFTS (§ 30*)—JOINT BANK DEPOSITS—EVIDENCE.

　　The opening of a bank account in the joint names of the depositor and another, payable to either or to the survivor, is not evidence of a gift to the other person, who survives the depositor, unaffected by Banking Law (Consol. Laws 1909, c. 2) § 144, subsequently enacted, declaring that a deposit made in the names of the depositor and another, to be paid to either or the survivor, becomes the property of the persons as joint tenants.

　　[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 52–57, 65; Dec. Dig. § 30.*]

Action to establish ownership of a savings bank deposit by Charles Berg, as executor of Barbara Koch, also known as Barbetta Koch, deceased, against Elizabeth Keber and another. Judgment for plaintiff.

William Brunner, of New York City, for plaintiff.

Edward J. Rowe, of New York City (Grant C. Fox, of New York City, of counsel), for defendants.

GIEGERICH, J. The action is to establish the plaintiff's alleged ownership of a deposit in the Metropolitan Savings Bank. The account was opened on June 30, 1903, when the decedent, Barbara Koch, deposited with the said savings bank the sum of $1,000. The savings bank issued to her a passbook, which reads as follows: "Metropolitan Savings Bank, in account with Barbara Koch or Elizabeth Berg." There is stamped on the left-hand page of the passbook the words, "Payable to either or to the survivor." The plaintiff testified that such words were not on the passbook when he saw it in the possession of the husband of the decedent after her death, and Mr. Smith, the receiving teller, testified that he could not swear that the stamp was put on when the account was opened and that there was not any record of such words or similar words on any book or memorandum of the bank. The only signature at the savings bank in connection with the account is that of the decedent. Neither the signature of Elizabeth Berg nor any information whatever concerning her was ever received by the bank, except that the word "mother" is written in pencil after her name upon the bank's ledger entry of the account. Mr. Smith, the receiving teller, testified that he could not tell when such pencil notation was made; but he was certain that it was not made at the time of the original entry, because, if it had been made then, it would have been made in ink.

At the time of the opening of the account the family of the decedent consisted of herself, her husband, Jacob Koch, her mother, Elizabeth Berg, and her brother's daughter Elizabeth Berg, now Keber, one of the defendants in this action. The mother, who had lived with Mr. and Mrs. Koch since their marriage, was about 80 years of age when the account was opened. She died a little more than a year afterward, on December 27, 1904. The defendant Elizabeth Keber, née Berg, was 20 years old when the account was opened, and she continued to reside with the decedent until her marriage on January 9, 1906. The decedent died on May 3, 1910, in the city and

county of New York, leaving a last will and testament by which the plaintiff was nominated as sole executor. The will was duly admitted to probate by the Surrogate's Court of the County of New York and letters testamentary were issued to the plaintiff. The account remained intact until April 13, 1905, when the sum of $53.40 (being the amount of the interest for the year 1904) was withdrawn by the decedent, and from that time no further withdrawals were made, nor any additions except the interest.

So far as the evidence discloses, the decedent called only twice at the savings bank, once when the account was opened and later when the sum of $53.40 was withdrawn upon a withdrawal slip signed by her, and such transactions were the only ones which took place with reference to the account. The plaintiff claims the fund in suit as the executor of the last will and testament of Barbara Koch, otherwise known as Barbetta Koch; and the niece, the defendant Elizabeth Keber, née Berg, claims it on the ground that she is the Elizabeth Berg mentioned in the passbook and that she survived her aunt. If the Elizabeth Berg intended was the mother of the decedent, then the fund would belong to the plaintiff, because the decedent survived her mother, as above shown.

[1] The evidence, however, is wholly insufficient to warrant a finding as to whether the person named in the savings bank account as Elizabeth Berg was the mother or the niece of the decedent, both of whom, as seen, bore the same name. Any conclusion upon that point, upon the evidence adduced, would be pure speculation. The provisions of the decedent's will, made after the account was opened, of course, afford no evidence of the decedent's intention at the time the deposit was made. Kelly v. Beers, 194 N. Y. 49, 57, 86 N. E. 980, 128 Am. St. Rep. 543.

[2] In Schneider v. Schneider (No. 1.) 122 App. Div. 774, 779, 107 N. Y. Supp. 792, the court said that:

"Whoever alleges a gift must establish it by satisfactory proof. Where the matter is left in doubt upon the whole case, the case must fail."

Applying the principles of that decision to these facts, it is manifest that the claimant, Keber, is not entitled to a judgment for the money. Apart from all this, a determination of the question of the decedent's intention at the time when the deposit was made is unnecessary to a disposition of the present controversy.

[3] It is undisputed that the moneys deposited in the savings bank belonged, at the time when they were deposited, solely to the depositor, and even if it were assumed that the defendant, the niece, was the Elizabeth Berg intended, still the only evidence in support of her claim to joint ownership with the depositor during the lifetime of the latter, and to sole ownership upon her death by virtue of survivorship, would be the fact that the account was opened in their joint names, and was expressed in the bank book to be payable to either or to the survivor. This evidence is not of itself sufficient to establish the defendant's claim. Matter of Bolin, 136 N. Y. 177, 32 N. E. 626; Grafing v. Irving Sav. Inst., 69 App. Div. 566, 74 N. Y. Supp.

741; 75 N. Y. Supp. 48; Schneider v. Schneider (No. 1) supra. In Matter of Bolin, supra, the court, at page 179 of 136 N. Y., at page 626 of 32 N. E., said:

"That the moneys were deposited to the account of 'Julia Cody or daughter, Bridget Bolin,' is not a fact from which any inference of a transfer or of a gift arises. In the absence of other evidence, the transaction simply evidenced a purpose of the depositor of the moneys that they should be drawn out by either of the persons named. The only presumption would be that the depositor so arranged for the purposes of convenience."

In Schneider v. Schneider (No. 1) supra, the court, at page 778 of 122 App. Div., at page 795 of 107 N. Y. Supp., said:

"The mere fact of the opening of the account in their joint names, 'Pay to either or the survivor of either,' did not in and of itself establish any such gift. Exclusive control was not given to the defendant, by the manner of opening this account, over one-half thereof, or any part thereof; for the plaintiff thereunder retained the right to draw every dollar of the fund and use it for his own purposes."

The decision in Bonnette v. Molloy (Sup.) 138 N. Y. Supp. 67, to which the defendant's counsel has called my attention, is clearly distinguishable from the case at bar. There, when the account was opened, the decedent and his codepositor both signed the usual bank signature book, agreeing to be bound by the rules, regulations, and by-laws of the bank.

Moreover, that portion of section 144 of the Banking Law (Consol. Laws 1909, c. 2) cited in the opinion of the court, by which it is declared that "when a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit thereupon and any additions thereto made by either of such persons upon the making thereof shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both or to the survivor after the death of one of them," was added to said section by chapter 247 of the Laws of 1907, which is subsequent to the time when the account in suit was opened.

It results from the foregoing views that there must be judgment for the plaintiff, with costs against the defendant Keber. Requests for findings may be submitted by either party, with proof of service on the other side.