(85 Misc. Rep. 659)

## In re HESS' ESTATE.

(Surrogate's Court, Bronx County. May, 1914.)

COURTS (§ 200½*)—SURROGATE'S COURT—OWNERSHIP OF DEPOSIT—JURISDIC-
TION TO DETERMINE.

　The Surrogate's Court has no jurisdiction on motion to determine
whether money deposited in a savings bank in the joint names of dece-
dent and another is the property of the survivor, where the form of the
deposit does not as a matter of law vest the ownership in the survivor.

　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 479; Dec. Dig. §
200½.*]

In the matter of the estate of George Hess, deceased　　Motion to
compel delivery of savings bank book. Motion denied.

Louis A. Cuvillier, of New York City, for the motion.

Ernest E. L. Hammer, of New York City, public administrator, op-
posed.

SCHULZ, S.　The moving party, the committee of an incom-
petent, applies for an order directing the public administrator to de-
liver to him, as such committee, a savings bank book issued to "George
Hess, or Emma Hess," the former being deceased, and the latter being
an incompetent and not the wife of the decedent, upon the ground that
the same and　the moneys whose deposit is evidenced thereby are the
property of the incompetent and form no part of the decedent's estate.
The public administrator has possession of this book with other prop-
erty alleged to belong to the decedent, as also of a document purport-
ing to be the will of the decedent. No letters have been issued to him
upon the estate of the decedent, nor has the will been offered for pro-
bate.

The right of the committee to the possession of the book involves the
question whether the deposit in the manner indicated is a joint deposit
to which Emma Hess became entitled by reason of her survivorship.
The form of the deposit of itself, in my opinion, does not as a matter
of law vest the ownership of the money deposited in her. Matter of
Bolin, 136 N. Y. 177, 32 N. E. 626; Kelly v. Home Savings Bank, 103
App. Div. 141, 92 N. Y. Supp. 578; De Puy v. Stevens, 37 App. Div.
289, 55 N. Y. Supp. 810. The intent of the parties would have to be
ascertained from all of the surrounding circumstances. What the in-
tent was when such deposit was made is a question of fact which I
cannot decide upon an application such as this. If the public admin-
istrator is unlawfully withholding property which belongs to the in-
competent, the committee has a remedy which he can enforce by an
action in which evidence can be adduced, upon which findings of fact
can be based.

For the reasons stated, the motion must be denied, without costs.

Ordered accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.