### McNETT v. CRANDELL.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

BANKS AND BANKING ☞306(5)—OWNERSHIP OF JOINT DEPOSIT—PRESUMPTION —STATUTE.

Under Banking Law (Consol. Laws, c. 2; Laws 1914, c. 369) § 249, providing that the making of a joint deposit, payable to the survivor, shall, in the absence of fraud, be conclusive, in any proceeding in which the savings bank or the surviving party is a party, of the intention of both depositors to vest title to the deposit in the survivor, in an action by the administratrix of a savings bank depositor against another depositor in such bank to recover the amount which had stood in decedent's name, but which had been changed to stand in the name of both depositors as a joint account, payable to either or to the survivor of either, the court must assume that the accounts of defendant and decedent were merged by consent, indicating their intention to declare their property rights.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1186, 1187; Dec. Dig. ☞306(5).]

Appeal from Trial Term, Columbia County.

Action by Nancy McNett, as administratrix, etc., of the goods, chattels, and credits of Catherine Slighter, deceased, against Mary H. Crandell. From a judgment of nonsuit, and dismissing her complaint, plaintiff appeals. Judgment affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

H. P. Humphrey, of Troy, for appellant.
Crandell & Graf, of Hudson, for respondent.

JOHN M. KELLOGG, P. J    The plaintiff seeks to recover the amount of two savings bank accounts which were paid by the banks to the defendant. Prior to February 1, 1906, both of the accounts stood in the name of Catherine Slighter, and upon that day were changed as follows: One "to Miss Catherine Slighter or Miss Mary H. Crandell, joint account, payable to either or to the survivor of either"; the other to "Mary H. Crandell or Catherine Slighter, payable to either or the survivor of either." The complaint alleges that the change in the form of the accounts was made for the purpose of convenience in withdrawing money or making deposits. It thereby impliedly admits that the changes were made by Catherine Slighter, and her capacity to make them. Assuming, therefore, that the changes were her acts, we are to consider their effect.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At one of the savings banks the defendant, on March 1, 1906, had a small account in her name, but this account was merged with the Catherine Slighter account when it was put in both names. Catherine Slighter died March 6, 1915. In Bonnette v. Molloy, 153 App. Div. 73, 138 N. Y. Supp. 67, it was held that the changing of a bank account, substantially in the form stated, was not presumed to be for the convenience of the former payee, but that the change fairly indicated an intent to make the parties joint owners of the account.

The new Banking Law (chapter 369, Laws of 1914), at section 249, declares, in substance, that a deposit made in substantially this form shall be deemed the property of the persons named, as joint tenants, and that the making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding in which either such savings bank or the surviving party is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor. I think this statute was not intended to be an enactment of a new law, but was rather a declaration of the existing law upon the subject. We need not, therefore, consider whether the law would otherwise be retroactive; it seems to declare a rule of evidence, a presumption arising from the acts of parties entirely consistent with their acts. The fact that the form of the account was not changed after the enactment of the statute carries with it an inference that the statute fairly carried out the intent of the parties. In this case the defendant was not related to the decedent, but had lived with her since childhood, and it does not appear that decedent's relatives had taken any particular interest in her welfare. We must therefore assume that the accounts of the defendant and of the decedent in the one bank were merged by the consent of both, which in itself would indicate an intention that the change was not made as a mere matter of convenience, but was made to create and declare the property rights of the parties in the deposit. The other account, changed the same day in substantially the same form, was evidently opened for a like purpose.

The judgment should therefore be affirmed, with costs. All concur.