In the Matter of the Judicial Settlement of the Account of the Proceedings of THE MOUNT VERNON TRUST COMPANY, as Administrator, etc., of CHARLOTTE A. RAMSEY, Deceased.

In the Matter of the Disposition of the Real Estate of CHARLOTTE A. RAMSEY, Deceased.

JANE M. RAMSEY, Appellant; THE MOUNT VERNON TRUST COMPANY, as Administrator, and Others, Respondents.

Second Department, November 24, 1916.

Decedent's estate — jurisdiction of surrogate to determine ownership of savings bank account — application of Banking Law to savings bank deposit made prior to its enactment and not in form prescribed by statute.

Where the daughter of a decedent presented a claim for services against the estate, and appeared generally upon the accounting of the administrator, the surrogate had jurisdiction to determine her claim to a savings

bank account standing in her name and in the name of the decedent, according to equitable principles under the provisions of section 2510 of the Code of Civil Procedure.

Where the form of a savings bank account opened before the creation by the Banking Law of the statutory rule of evidence, is not in "such form" as the statute specifies, the rule of evidence declared as to the specified form does not necessarily apply.

Where a controversy arises over the ownership of a savings bank account opened prior to the enactment of the statute, in the form of "Charlotte A. Ramsey and James M. Ramsey," without statement of its being payable "to either or the survivor of them" as provided by the Banking Law, ownership must be determined according to the common-law rules of evidence without reference to the statute.

APPEAL by Jane M. Ramsey from a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 18th day of June, 1915.

*Thomas A. McKennell* [*Alfred H. Appell* with him on the brief], for the appellant.

*Frederick W. Clark*, for the administrator, respondent.

*H. Drummond Brown*, for the respondent Lyllian K. Ramsey, as assignee of Walter A. Ramsey.

CARR, J.:

This is an appeal from a decree of the Surrogate's Court in Westchester county that settled judicially the accounts of the Mount Vernon Trust Company as administrator of the estate of Charlotte A. Ramsey, deceased. The appeal is by Jane Ramsey, a daughter of the decedent, who had filed several claims as a creditor against the estate of her mother. In the accounting proceedings Jane Ramsey appeared generally by her attorneys, who filed a written notice of appearance. The account as then filed showed but a few dollars to the credit of the estate, with pending claims of creditors aggregating many thousands of dollars. Shortly thereafter there came into the possession of the administrator the sum of $2,533.88, resulting as surplus moneys on foreclosure, which became a part of the assets of the estate of Charlotte A. Ramsey, deceased. A supplemental account was filed, in which the administrator charged itself with the receipt of these moneys. No objec-

tions were filed to surcharge the account of the administrator either with the receipt of any other moneys or with moneys that it failed to receive through neglect upon its part to take proper steps to reduce the assets of the estate to its possession.   In addition to the appellant, Jane Ramsey, her brother, Walter Ramsey, had filed a claim against the estate.   It was stipulated that the claims of Jane and Walter be heard and determined by the surrogate on the judicial settlement of the account of the administrator.   The claim of Walter was not disputed, but that of Jane was disputed, not in its entirety, but in a substantial amount.   She was called as a witness to prove her claim or claims, particularly that portion of them that was based upon a claim for compensation for attending upon and caring for her mother.   While testifying she was interrogated by the counsel for Walter and his assignee, his wife, as to a savings bank account which the decedent had opened in her own name as depositor on June 23, 1902, in the East-chester Savings Bank.   It was shown that on April 17, 1907, this account was changed in form to that of " Charlotte A. Ramsey and Jane M. Ramsey."   At that time the decedent was infirm, suffering from a paralytic stroke and generally incompetent physically to look after her own affairs.   No other proof was given as to the circumstances of this change of the form of savings bank account, which remained in this changed form until the death of Charlotte.   Jane had made both withdrawals from and deposits in this account between 1907 and the death of Charlotte.   The record does not show that Jane made any objection to a determination by the surrogate of the question of title to the balance remaining on deposit to the credit of this account.   She did make written requests to him to find that the form of the account as changed in 1907 constituted her a joint tenant with her mother, and that she became entitled legally to the balance remaining on deposit to the credit of the account when her mother died.   The surrogate refused to make these requested findings, but found to the contrary, that this balance on deposit was a part of the assets of the estate of the decedent, Charlotte.   In the decree entered upon his findings he charged the administrator with the receipt of the amount of this balance.   The

administrator has not appealed from the decree, but, on the contrary, has appeared on this appeal and files a brief to support it. The appellant, Jane, now contends that the surrogate had not jurisdiction of the subject-matter of the question as to the ownership of this savings bank account, and further that, if he had such jurisdiction, he erred in the determination which he made. It is true that if the Surrogate's Court had not jurisdiction of the subject-matter, Jane did not and could not confer such jurisdiction by any act or conduct of herself, in such a way as to preclude her from raising this question now. She attempted, however, to prove her claims as a creditor against the estate. Against the debt of the estate to her must be set off any funds of the estate which she has received and which belong in law to the estate. The surrogate had the jurisdiction to determine the amount of any indebtedness of the estate to her, and, incidentally, in determining that amount, what sum should be offset against her claim as allowed by him. Jane's claim as allowed by the surrogate greatly exceeded the amount of the balance of the savings bank account in question. It seems to us that, under these circumstances, the surrogate had statutory jurisdiction to determine this question according to equitable principles under the provisions of section 2510 of the Code of Civil Procedure (as amd. by Laws of 1914, chap. 443). As to the legal soundness of the determination, another question arises. This savings bank account was changed in form in 1907, but before chapter 247 of the Laws of 1907 (amdg. Banking Law [Gen. Laws, chap. 37; Laws of 1892, chap. 689], § 114) took effect. The real question here is as to what was the common-law rule at that time. Certainly there is nothing in the case at bar, so far as the facts are concerned, to distinguish it from *Matter of Bolin* (136 N. Y. 177, 180). If that authority still survives, unaffected by subsequent legislation to which I will refer later, the surrogate was right in his determination. The appellant argues that *Matter of Bolin* has lost its force as an authority on this point by reason of many subsequent decisions in the Appellate Division and, inferentially, of one in the Court of Appeals (*Kelly* v. *Beers,* 194 N. Y. 49). *Kelly* v. *Beers* (*supra*) recognizes clearly the rule of

*Matter of Bolin,* and does not depart from it. There were, in that case, proofs of circumstances, other than the form of the account, which indicated an intent to create a joint tenancy. In *Bonnette* v. *Molloy* (153 App. Div. 73) it was held that, as to savings bank accounts in a joint form, the right of the surviving depositor was to be determined in accordance with section 144 of the Banking Law (Consol. Laws, chap. 2; Laws of 1909, chap. 10), even where the account had been opened prior to that enactment. That case was reversed (209 N. Y. 167), but on other grounds. The decedent in this case died in 1912. The proceedings for a judicial settlement of her estate were begun in 1913. The surrogate's decision and decree were made in 1915. In the meantime there was a further change in the provisions of the Banking Law (Consol. Laws, chap. 2; Laws of 1914, chap. 369). Section 249 of that law, as then enacted, provides for the duties of banks in making payments of accounts of depositors which " shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them," and it declares as follows: " The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor." It was held that the statute as enacted in 1914 applied to savings bank deposits opened in such form prior to the enactment of the statute, as it created a rule of evidence. (*McNett* v. *Crandell,* 172 App. Div. 375.) A similar ruling, as to the effect of the statute as it stood in 1909 was made in *Clary* v. *Fitzgerald* (155 App. Div. 659; affd., 213 N. Y. 696). However, in all these cases just referred to, the express form of the account was that it was to be payable to either or the survivor of them (the apparent depositors). The statute as it stood in 1909, and as it now stands, provides expressly as to savings bank accounts opened in a prescribed *form,* that is, to quote its language, " in form to be paid to either or the survivor of them," and the statutory rule of evidence as to the intent of the depositors is declared as to the making of a deposit " in such form."

Where, however, the form of the account, opened long before the creation of this statutory rule of evidence, is not "such form" as the statute specifies, the rule of evidence declared as to the specified form does not necessarily apply. In the case at bar the form of the account is simply "Charlotte A. Ramsey and Jane M. Ramsey," without statement of its being payable "to either or the survivor of them." Hence, we conclude that this question now before us must be determined according to the common-law rules of evidence, without reference to the later legislation.

We have considered the other points raised by the appellant, particularly that in which she claims a preference in payment over the other creditors. But as her claim is of the same class as that of the other creditors we think her contention is unsound. (Code Civ. Proc. § 2719; now Code. Civ. Proc. § 2682, as amd. by Laws of 1914, chap. 443; *Woodruff* v. *Claflin Co.*, 198 N. Y. 470.)

The decree of the Surrogate's Court of Westchester county is affirmed, with costs.

JENKS, P. J., THOMAS, RICH and PUTNAM, JJ., concurred.

Decree of the Surrogate's Court of Westchester county affirmed, with costs.