In the Matter of the Estate of VALENTINE SIERACKI, Also Known as WALENTY SIERACKI, Deceased.

Surrogate's Court, Niagara County, June 1, 1928.

Gifts — gift causa mortis — proceeding under Surrogate's Court Act, §§ 205, 206, to compel delivery of bank book to administratrix — book was held by third party on ground it was gift from decedent — no proof of delivery — administratrix is entitled to bank book.

On this proceeding under sections 205 and 206 of the Surrogate's Court Act to compel the delivery to the administratrix of a bank book, held by a third party, on the claim that it came to her as a gift causa mortis by decedent, the proof fails to show delivery of the bank book or fund, either active or constructive, and since either would be necessary to establish such a gift, the book should be delivered to the administratrix.

APPLICATION of Victoria Sieracki, as administratrix, to discover certain property of deceased, claimed to be withheld by Mary Blaszczak.

Thomas B. Lee [Clarence W. Greenwald of counsel], for the administratrix.

Tuttle, Rice & Stockwell [Sigismund M. Lopacki of counsel], for the contestants.

GOLD, S.   This is a proceeding to compel Mary Blaszczak to deliver a certain bank book to Victoria Sieracki, administratrix of

the estate of Valentine Sieracki, also known as Walenty Sieracki, under the provisions of sections 205 and 206 of the Surrogate's Court Act. It is claimed by said Mary Blaszczak that the bank book and fund in the bank belong to her by reason of a gift *causa mortis* by the decedent.

In order to determine whether or not it was such a gift, an examination of the testimony is necessary. The testimony of one Rosie Jakielek is relied upon to establish the gift. Her answers to questions propounded seem to be quite uniform. When asked about decedent's conversations with reference to the bank book, she testified on one occasion that he said: " In case if I should die, all that [including the bank book] goes to my daughter." Again she testified decedent told her: " If he was dying, he would give all that to his daughter." Again she claimed he said " he would give that book to his daughter in case if he was dying," and again, " In case I die, everything should go to my daughter, the book and everything that belongs to me." It is claimed by the daughter that this constituted a gift *causa mortis*.

I do not agree with this view. There was no delivery of the bank book and fund, either active or constructive, one of which would be necessary in order to establish such gift. The intention of the decedent seems clear. In case of his death he wanted his daughter to have the bank book. How well meaning his intentions were with reference to his daughter, he did nothing that would give any legal effect to his intentions. He even retained possession of said book up to and at the time of his death.

" To consummate a gift, whether *inter vivos* or *causa mortis*, the property must be actually delivered and the donor must surrender the possession and dominion thereof to the donee." (*Ridden* v. *Thrall,* 125 N. Y. 572.)

" To constitute a valid gift there must have been the intent to give and a delivery of the thing. The evidence must show that the donor intended to divest herself of the possession of her property and it should be inconsistent with any other intention or purpose." (*Matter of Bolin,* 136 N. Y. 177, 180.)

The decedent did no act which would constitute a gift *causa mortis,* and the prayer of the petition for the delivery of the bank book to her is granted.

Let a decree be entered accordingly.