## BENDER v CLEVELAND TRUST CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10374. Decided March 24, 1930

Winfield Worline and Paul Howland, both of Cleveland, for Bender.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Trust Co.

Judges WILLIAMS and RICHARDS (6th Dist) sitting

**RICHARDS, J.**

What, under these facts, are the rights of the parties? It is very significant that neither the endorsement on the passbook nor the card contains language giving the survivor any right to the deposit, the language being such as to give to each party the right of withdrawal only. The great majority of the reported cases appear to be those where the survivor was given the right to the entire fund and the law applicable to that kind of a case is announced in **The Cleveland Trust Co. vs Scobie, Admr., 114 Oh St 241.** The syllabus in that case indicates the rule of law where the endorsement contains a survivorship clause and the evidence shows that the depositor intended to transfer to the person to whom he made the account jointly payable a present joint interest equal ot his own, the holding being in such case that the authority to withdraw being unrevoked at death, the survivor is entitled to the balance of the account. An interesting discussion on the questions here

involved may be found in a decision of the Court of Appeals of this county in the case of **Schmitt vs. Schmitt, 28 O. L. R., 511 (8 Abs 71.)** Unquestionably the rights of the parties depend upon whether the intention of David Bender was to create a joint interest and ownership in his wife in the fund represented by the passbook or to make her his agent or representative for convenience in drawing the money and that is to be determined by what was said and done at the time the change was made in the identification card and the passbook. Spillman, Exr. vs. Wiegand, 54 N. J. Equity, 198. Certainly the mere fact alone of having the passbook changed so as to permit Jospehine Bender to withdraw money from the bank would not be sufficient to constitute a present gift of the fund.

Schippers, Exrx. vs. Kepkes, 12 L. R. A., N. S., 355;

Commercial Trust Co. vs. White, et al., 99 N. J. Eq., 119;

Coburn vs. Shilling, Admr., 138 Maryland, 177;

In re Bridget Bolin, Admrx., 136 N. Y., 177.

The books contain almost innumerable cases determining the rights of parties under slightly varying circumstances, and, after all, the ultimate question is,—What was the intent of the owner of the passbook in having the change made?

David Bender had been failing in health for some time and had retired from business many years before the change in the passbook was made, and the evidence leaves no room for doubt that this change was made because of his increasing infirmaties, his feebleness and his failing eyesight making it nearly impossible for him to personally transact his business with the trust company. His request of the company was, in the first instance, to so fix the passbook as to give his wife a limited right of withdrawal, but the company declining to accede to such request, which would cast on it the burden of keeping account of the extent of withdrawals made by her, it was agreed that each should be given the right of unlimited withdrawal. This right of withdrawing the funds, as we look at it, simply fixed the rights of the parties as between David Bender and Josephine Bender on the one hand and the trust company on the other, and did not determine the rights of David Bender and Josephine Bender to the fund after its withdrawal. We are convinced from the evidence that the change in the passbook from "David Bender" to "David Bender or Josephine Bender, either may draw", was made as a matter of convenience only and that the evidence does not show that Jospehine Bender became the owner of the fund even though she had the right of withdrawal and did in fact withdraw the entire fund and re-deposit the same in her own name.

For the reasons given a decree will be entered finding that the defendant as executor is entitled to the fund.

Williams, J, concurs.