William J. Regan, S.
The decedent, Juanita Moffett, died on September 24, 1965. Prior to her death and on March 10, 1965 a 1964 Comet automobile was transferred by the decedent to the respondent, Gussie McCray.
Petitioner contends that it was not the intent of the deceased to transfer absolute title to said automobile and that title did not in fact pass to respondent. Respondent has interposed an answer herein alleging ownership and right to possession by reason of title, which title is based on a certificate of registration issued by the State of New York on March 10, 1965.
Upon the inquiry and the trial duly had before this court respondent has testified, and the evidence bears out, that this automobile was transferred to the respondent by the decedent for the reason that the decedent contemplated receiving welfare assistance and believed that such assistance would not be forthcoming as long as she was the owner of an automobile. At the time of the transfer the automobile was financed by the Marine Midland Trust Company of Western New York and the balance allegedly owing to the Marine Midland Trust Company was $1,726.20. The respondent, by her own testimony, related a conversation with the decedent whereby it was agreed that if the decedent should return to work decedent would take the car back and make up to the respondent whatever payments she had made on the loan in the meantime, it having been part of the agreement that the respondent assume the balance of payments due to the Marine Midland Trust Company.
Respondent testified that she made six payments toward the loan by making payments of $68 each directly to the decedent by way of cash. The evidence adduced at the hearing clearly established that after the certificate of registration was placed in the name of the respondent, the actual custody and possession of the car remained with the decedent, who continued to use and operate the car until the time of her death.
Ordinarily the transfer of registration to the donee would be such a delivery of property and divestment of ownership as to indicate a valid gift inter vivos. However, the circumstances herein, particularly the conditions attached to the delivery, *227 satisfy this court that a consummated and complete act was not effected, thereby falling short of the gift. (Matter of Birdsall, 22 Misc. 180.) Although the registration certificate was transferred and the registration was changed, there remained some more to complete the gift and this was the unconditional delivery itself. A preponderance of the evidence establishes a failure of actual delivery. The transaction was nothing more than a scheme to permit the decedent to obtain public assistance.
In view of the above, this court is satisfied that respondent has failed to meet her burden of proof by a fair preponderance of the evidence. One of the primary requirements of a gift, together with delivery of subject matter, is the intention to give, the donative intent. (Matter of Kelly, 285 N. Y. 139.) The law never presumes a gift. (Matter of Bolin, 136 N. Y. 177.) On the contrary, the burden of establishing it rests on the donee, who must show by the clearest evidence each and every element essential to supporting a gift. The evidence taken as a whole must be inconsistent with any other design on the part of the donor, such as a transfer for purposes of custody. (Frick v. Cone, 160 Misc. 450, affd. 251 App. Div. 781.)
This leaves for consideration the payments allegedly made by respondent in the total sum of $408. The fact of such payments having been sufficiently corroborated by the testimony of a distinterested witness, reimbursement therefor is hereby directed.
It is accordingly the decision of this court that the automobile now in the possession of the respondent, Grussie McCray, which automobile is herein described as a 1964 two-door Comet, serial number 4TOIU528767, be delivered to Joseph Pickens as administrator of the estate of Juanita Moffiett, deceased, and that the necessary certificates of registration and surrenders of title be delivered therewith, subject to reimbursement to the respondent in the sum of $408.